S/I

FEE PAID

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT of CALIFORNIA**
**WESTERN DIVISION (LOS ANGELES)**

CIVIL ACTION NO._____

BRANDON JOE WILLIAMS®,

*Plaintiff,*

v.

AMERICAN EXPRESS COMPANY;
AMERICAN EXPRESS KABBAGE INC.
*Defendants.*



FILED
CLERK, U.S. DISTRICT COURT
FEB 26 2024
CENTRAL DISTRICT OF CALIFORNIA
BY ~~EEE~~ DEPUTY

2:24-CV-01631-MWF-PVCx

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, person BRANDON JOE WILLIAMS®, presented by man Brandon Joe Williams, and files this *Complaint* against Defendant AMERICAN EXPRESS COMPANY ("AMEX"), and Defendant AMERICAN EXPRESS KABBAGE INC. ("Kabbage"), collectively referred to as "Defendants", and alleges, upon information and belief, the following: (**Please note that spelling of each name is important and will always be as above throughout this complaint for clarity in the court.**)

### I.   INTRODUCTION

1. Brandon Joe Williams would like to mention that he has studied for an absolutely unbelievable number of hours in an attempt to be a very kind, knowledgeable, smooth and educatable man. Brandon Joe Williams is not belligerent and arrives with his hat in his hand in an effort to learn, grow and achieve the best possible result for all parties. Brandon Joe Williams recognizes and has had a tremendous amount of experience with

the typical "pro se litigant" and he understands the frustrations and exhaustions of the court. Brandon Joe Williams asks, with full transparency, to please not label him in the same category as what has been seen before by the court.

2. Brandon Joe Williams is very excited about the procedure of law and has a great veneration towards the work of the court as well as the amazing effort of everyone who has contributed to our incredible system.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391 because the events giving rise to this claim originated in this district.

5. Joinder in this district is proper as to both Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or facts common to all Defendants.

6. Through the power of naturalization, found in 8 USC 1101(a)(23), Brandon Joe Williams confers the nationality of the State called "STATE OF CALIFORNIA" on BRANDON JOE WILLIAMS®, after birth, by any means whatsoever. This satisfies the jurisdictional requirements of the court.

## III.   PARTIES

7. Plaintiff is a resident of Los Angeles County, California, which is located in this district.

8. Defendant AMEX is a New York Foreign For-Profit Corporation with its principal place of business located at 200 Vesey Street, New York, NY 10285 and which conducts business in the State of California. AMEX may be served with process upon CT

Corporation System, its registered agent for service of process, at 330 N. Brand Blvd., Suite 700, Glendale, California 91203.

9. Defendant Kabbage is a Delaware Foreign For-Profit Corporation with its principle place of business located at 730 Peachtree Street NE, Suite 1100, Atlanta Georgia 30308 and which conducts business in the State of California. Kabbage may be served with process upon CT Corporation System, its registered agent for service of process, at 330 N. Brand Blvd., Suite 700, Glendale, California 91203.

## IV.    GENERAL FACTUAL ALLEGATIONS

10. BRANDON J WILLIAMS had Kabbage loan Plan #2107152.

11. BRANDON J WILLIAMS had Kabbage loan Plan #2080773.

12. BRANDON J WILLIAMS had AMEX Account #3767 581789 12001.

13. BRANDON J WILLIAMS had AMEX Account #3767 414017 11002.

14. *Ens legis* name "BRANDON J WILLIAMS" and "BRANDON JOE WILLIAMS®" are both referring to the same person.

15. BRANDON JOE WILLIAMS® trademark Serial Number is #97335158.

16. BRANDON JOE WILLIAMS® trademark is held by Brandon Joe Williams.

17. Brandon Joe Williams is the representative for BRANDON JOE WILLIAMS®.

18. Brandon Joe Williams gave permission to AMEX to access and use the credit of BRANDON JOE WILLIAMS®.

19. Improper performance was made on these accounts by extraneous and unnecessary Federal Reserve Notes being used to pay the accounts.

20. Proper performance would have been to indorse the original collateral securities under special negotiation, prior to them being exchanged for Federal Reserve Notes.

21. Brandon Joe Williams failed to do a special indorsement on the original collateral securities.

22. Had Brandon Joe Williams known, Brandon Joe Williams would have done special indorsements on these collateral securities all the way from the beginning.

23. Brandon Joe Williams never intended to do ANY blank indorsements on behalf of BRANDON JOE WILLIAMS®.

24. Proper performance is done primarily through clear orders and special indorsements.

25. Improper performance is done via blank indorsements and lack of orders.

26. Proper performance balances the accounting.

27. Improper performance unbalances the accounting.

28. There were many promissory notes made on these accounts.

29. Each individual credit transaction produced an unconditional promise to pay.

30. A promissory note is an unconditional promise to pay.

31. The promissory notes are negotiable instruments.

32. "Promissory note" and "note" mean the same thing.

33. Federal Reserve Notes are promissory notes.

34. Federal Reserve Notes are negotiable instruments.

35. All promissory notes are collateral securities in accordance with 12 U.S.C. § 412.

36. Each month there was a billing statement generated on the above accounts.

37. A "billing statement" is an unconditional order to pay.

38. A "billing statement" or "bill" or any similar language, is another term to describe a "bill of exchange".

39. An unconditional order to pay is a bill of exchange.

40. A bill of exchange is a negotiable instrument.

41. Bills of exchange are collateral securities in accordance with 12 U.S.C. § 412.

42. All promissory notes produced by BRANDON JOE WILLIAMS® are under the purview of 18 U.S.C. § 8.

43. All bills of exchange sent to BRANDON JOE WILLIAMS® are under the purview of 18 U.S.C. § 8.

44. BRANDON JOE WILLIAMS® is able to legally create currency because it is a Federal Reserve member bank.

45. The Federal Reserve Bank is the custodian to pay on behalf of obligations or other securities of the United States (18 U.S.C. § 8).

46. A conditional acceptance was accepted for delivery on June 7th, 2022, at 10:12 AM.

47. This conditional acceptance was hand-signed for by agent Thomas Severe.

48. Thomas Severe signed for the parcel by hand with a black pen.

49. This conditional acceptance was using the 1099a IRS form for payment.

50. The IRS 1099a form is an unconditional order to pay.

51. The IRS 1099a form is a bill of exchange.

52. 3 different 1099a forms were submitted to pay the entire amounts of all the above accounts.

53. The next conditional acceptance was sent to both the CEO and the legal dept.

54. The legal dept signed to receive the parcel on Jan 4th, 2023, at 10:44 am.

55. The CEO's copy was signed to be received on Jan 4th, 2023, at 10:44 am.

56. This second conditional acceptance was a threat for liens due to my payment not being applied to my accounts from my first conditional acceptance.

57. On May 15th, 2023, at 10:38 am, Jonathan Peratta signed for the first of three total parcels.

58. He signed by hand with a blue pen.

59. In this first parcel, Brandon Joe Williams was claiming "titles, rights, interest and equity owed to BRANDON J WILLIAMS".

60. This first parcel included a Power of Attorney ("POA"), outlining the relationship between Brandon Joe Williams and BRANDON JOE WILLIAMS®.

61. On June 23rd, 2023, at 10:31 am, Jonathan Peratta signed for the second of three total parcels.

62. This parcel had very similar wording to the first parcel.

63. He signed by hand with a black pen for parcel #2.

64. On July 31st, 2023, at 10:13 am, Jonathan Peratta signed for the third of three total parcels.

65. This parcel had very similar wording to the first and second parcel.

66. He signed by hand with a black pen for parcel #3.

67. All of these parcels were directed to the CFO, Jeffrey C. Campbell.

68. All 3 of these parcels ordered the CFO to apply the positive value of the negotiable instruments on the account to set-off the account and bring it to zero.

69. In essence, what Brandon Joe Williams has been trying to do all this time is simply replace all previous, present, and future blank indorsements with special indorsements.

70. Fraud on these accounts is due to a complete lack of disclosure of the terms of the loan as well as the collateralization of the original promissory note.

71. The orders inside this parcel constitute unconditional tender of payment in accordance with UCC 3-603.

72. The term "US dollars" includes Federal Reserve Notes.

73. Due to the original promissory having already been swapped for Federal Reserve Notes after the application was indorsed with a blank indorsement, the orders inside the parcels were a payment for US dollars.

74. The orders sent by Brandon Joe Williams are an unconditional order to pay on this account.

75. Inside this POA contained a special indorsement for all past, present, and future negotiable instruments of:

**WITHOUT RECOURSE**
Pay to the Order of:
BRANDON JOE WILLIAMS

By: /s/ *Brandon Joe Williams*, agent
Brandon Joe Williams, representative

76. BRANDON JOE WILLIAMS® is now the person entitled to enforce all negotiable instruments on all the above accounts.

77. BRANDON JOE WILLIAMS® is now the holder in due course regarding all negotiable instruments on all the above accounts.

78. Parcel was sent to CEO Stephen Squiri, effectively eliminating any previous arbitration clauses or agreements under fraud.

79. Parcel was signed for by Jonathan Peratta on Feb. 1st, 2024.

80. Parcel was sent to Registered Agent: CT Corporation System, effectively eliminating any previous arbitration clauses or agreements under fraud.

81. Parcel was accepted by CT Corporation System on Jan. 26th, 2024.

82. Parcel was sent to Kabbage, effectively eliminating any previous arbitration clauses or agreements under fraud.

83. Parcel was accepted by Kabbage on Jan. 29th, 2024.

## V.  COUNT ONE - BREACH OF CONTRACT:

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. The definition of "payment" is: "The fulfillment of a promise, or the performance of an agreement".

86. One definition for "tender" is: "The offer of performance, not performance itself, and, when unjustifiably refused, places other party in default and permits party making tender to exercise remedies for breach of contract.".

87. The above definition is in accord with UCC 3-603(b).

88. Had someone spoken to Brandon Joe Williams about his options, he would have done a special indorsement on any instruments to properly perform.

89. AMEX ignored orders and questions from Brandon Joe Williams and closed the accounts.

## VI.  COUNT TWO – BREACH OF FIDUCIARY DUTIES:

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

91. BRANDON JOE WILLIAMS® is the beneficiary of AMEX.

92. AMEX has a fiduciary duty to the financial success of BRANDON JOE WILLIAMS®.

93. AMEX is paid to ensure the law is correctly applied in respect to beneficiary BRANDON JOE WILLIAMS®.

94. AMEX has an obligation and desire to ensure that UCC Article 3 is properly followed.

95. AMEX has an obligation and desire to ensure that the Emergency Banking Act of 1933 is followed.

96. Once presented with orders or conditional acceptances above, AMEX never attempted to clarify or perform for Brandon Joe Williams or BRANDON JOE WILLIAMS®.

97. AMEX follows 12 U.S.C. § 412.

98. "AMERICAN EXPRESS NATIONAL BANK" has had access to Federal Reserve Window services since 10/17/1994, according to the Federal Reserve Master Account and Services Database.

99. AMEX acknowledges that it would be in the best interest of their beneficiaries to do special indorsements on negotiable instruments.

100. AMEX acknowledges that, if clients knew how to do a special indorsement, a vast majority would do it.

101. AMEX never mentioned to either Brandon Joe Williams or BRANDON JOE WILLIAMS® about the benefits of special indorsements.

102. This harmed BRANDON JOE WILLIAMS® by now having an imbalanced account and having to work to acquire extraneous and entirely irrelevant Federal Reserve Notes.

103. This breach of fiduciary duty has caused years of anxiety over the unnecessary use of extraneous Federal Reserve Notes.

## VII.  COUNT THREE – 12 U.S.C. § 504 (CIVIL MONEY PENALTY – FEDERAL RESERVE ACT):

104.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

105.  This statute is involved due to failure to follow the orders of Brandon Joe Williams.

106.  This Civil Money Penalty is collected and deposited into the Treasury, so plaintiff intends to send a copy of this complaint to the SEC, Federal Reserve, Office of the Comptroller as well as the Treasury for inspection and collection. PLAINTIFF IS WILLING TO FOREGO THIS STEP IF DEFENDANTS ARE WILLING TO QUICKLY AND RAPIDLY ASSIST US IN OUR PRIOR ORDERS FOR THE EXCHANGE OF COLLATERAL SECURITIES (DEFENDANTS CAN SIMPLY PLACE "N/A" ON THIS LINE ITEM FOR ANSWER).

## VIII.  COUNT FOUR – 18 U.S.C. § 1956 (LAUNDERING OF MONETARY INSTRUMENTS):

107.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

108.  Plaintiff became the person entitled to enforce these instruments once negotiation was rescinded and clarified.

109.  Plaintiff became the holder in due course of these instruments once negotiation was rescinded and clarified.

110.    Illegal possession and transfer of above negotiable instruments are retained currently with defendant AMEX.

### IX.    COUNT FIVE – 18 U.S.C. § 2314 (TRANSPORTATION OF STOLEN SECURITIES):

111.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

112.    Unknown negotiation via a blank indorsement allowed AMEX to take possession of all collateral securities on these accounts fraudulently.

113.    This transportation should have been done under special negotiation and should have been temporary until the application for notes via 12 U.S.C. § 412 was completed at the Federal Reserve Window.

114.    AMEX used AMERICAN EXPRESS NATIONAL BANK's Federal Reserve Window access.

115.    Each individual credit transaction on these accounts would be a separate charge of this felony.

### X.    COUNT SIX – 18 U.S.C. § 1348 (SECURITIES AND COMMODITIES FRAUD):

116.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

117.    Plaintiff was never informed as to these instruments being negotiable.

118.    Plaintiff was never informed of various optional indorsements in accordance with UCC Article 3.

119. Plaintiff has a responsibility to avail himself of his optional indorsements, but AMEX could have spent a very short period of time to educate plaintiff about indorsements as a part of their fiduciary duties.

120. Brandon Joe Williams has clarified and ordered all current and future negotiation while rescinding all previous blank negotiation under fraud.

121. Fraud is due to complete failure to disclose the terms and options of signing/indorsing above collateral securities.

122. This damaged plaintiff materially due to valuable instruments being purloined and not available for plaintiff.

123. Due to Brandon Joe Williams' signature being the birth of value for all the above negotiable instruments, Brandon Joe Williams and BRANDON JOE WILLIAMS® are the secured parties for all transactions in this deal.

124. Each individual credit transaction on these accounts would be a separate charge of this felony.

### XI. COUNT SEVEN – 18 U.S.C. § 1581 (PEONAGE):

125. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

126. Plaintiff was forced to work and perform under this contract as "debt," when the debt was only existing due to a failure to use a special indorsement on the original note.

127. Plaintiff had to use extraneous and irrelevant Federal Reserve Notes to prevent the *ens legis* credit from being negatively affected.

128. AMEX made it appear that plaintiff was in debt by failing to help the plaintiff do a special indorsement.

### XII. COUNT EIGHT – 18 U.S.C. § 1583 (ENTICEMENT INTO SLAVERY):

129. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

130. Due to a failure to do a special indorsement (which could have easily been done), plaintiff was enticed into having to pay each month using irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

131. Brandon Joe Williams was intimidated with fear of having BRANDON JOE WILLIAMS® credit score attacked if he failed to supply irrelevant and extraneous Federal Reserve Notes each month.

132. Plaintiff got absolutely no equal consideration in exchange for his collateral securities and negotiable instruments beyond the facilitation of security swaps and transfers.

133. AMEX could have informed plaintiff of his option to do a special indorsement rather than a blank indorsement.

134. Due to ease of which AMEX could have helped and informed the plaintiff of a special versus blank indorsement, it is assumed that the intent was to entice the plaintiff into slavery.

135. Brandon Joe Williams was forced to serve in a slavery position due to complete fraud regarding the indorsement of the negotiable instruments produced on these accounts.

### XIII. COUNT NINE – 18 U.S.C. § 1584 (SALE INTO INVOLUNTARY SERVITUDE):

136. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

137. Due to the financial gain of having the plaintiff do a blank indorsement rather than a special indorsement on the original collateral security, AMEX had financial motive to ensure plaintiff indorsed with a blank indorsement.

138. Intent to have plaintiff sign with a blank indorsement was pre-conceived by AMEX.

139. Plaintiff was left in a situation where he felt compelled to provide entirely irrelevant Federal Reserve Notes in order to prevent the credit score from being attacked.

### XIV. COUNT TEN – 18 U.S.C. § 1589 (FORCED LABOR):

140. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

141. 18 U.S.C. § 1589 includes forced services.

142. Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after his collateral securities were purloined via a blank indorsement.

143. AMEX should have been providing a service of swapping the collateral securities under special negotiation.

144. Brandon Joe Williams would have been more than happy to pay a small swap fee for the service of exchanging the collateral securities at the Federal Reserve Window.

145. Instead, the plaintiff was forced to perform each month unnecessarily under threat of punishment (bad credit reporting).

### XV. COUNT ELEVEN – 18 U.S.C. § 1593A (BENEFITTING FINANCIALLY FROM PEONAGE, SLAVERY, AND TRAFFICKING IN PERSONS):

146. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

147. AMEX benefits from a blank indorsement by being able to keep all the Federal Reserve Notes after the application for notes is complete (12 U.S.C. § 412).

148. AMEX benefits from a blank indorsement by being able to collect the Federal Reserve Notes of the swapped collateral securities as well as the Federal Reserve Notes paid each month on the account.

149. AMEX pretends it is the "lender" by claiming the collateral security, after it is released with a blank indorsement.

150. Under special negotiation, BRANDON JOE WILLIAMS® is actually the lender and Brandon Joe Williams is the borrower. AMEX is just a currency exchange at this point and facilitates Federal Reserve services.

151. AMEX collects substantially more Federal Reserve Notes by carefully failing to inform their beneficiaries of their indorsement options.

152. Due to lack of terms and communications, it is assumed that AMEX intends to entice its beneficiaries into slavery for financial gain.

### XVI. DEMANDS FOR RELIEF

153. Full discharge of all above loans in their current state.

154. Full refund of each individual extraneous payment made on the accounts using Federal Reserve Notes.

155. $250,000,000.00 (two-hundred–fifty-million dollars) in damages. Payable in Federal Reserve Notes.

156. Optional: AMEX will issue BRANDON JOE WILLIAMS® an AMEX Centurion Black Card that has no credit limit and is automatically set-off each month. This would require a Limited Power of Attorney where Brandon Joe Williams would allow AMEX to do special indorsements on the behalf of Brandon Joe Williams and BRANDON JOE WILLIAMS®. This would include AMEX being allowed to keep any interest generated on any promissory note or bill of exchange. This would also include the possibility of allowing these securities to mature in an effort to bring larger interest gains to AMEX (Brandon Joe Williams wants to ensure that AMEX is being paid well for this work in order to establish equal consideration). This optional choice would eliminate the needed relief of paragraph 155.

## SUMMARY

NOW, THEREFORE, in accordance with the pertinent legal provisions and in the interest of justice, the Plaintiff respectfully requests this Honorable Court to issue an Order for the award of monetary damages against the Defendants, AMEX and Kabbage. The Plaintiff further seeks any additional and appropriate relief that this Court, in its wisdom, may consider just and equitable given the circumstances at hand.

THE PLAINTIFF ENTERS THIS COURT PROCEEDING WITH A CONSTRUCTIVE INTENT, VESTED IN THE DESIRE TO COLLABORATE WITH THE DEFENDANT TOWARDS A FAIR AND EQUITABLE CONCLUSION.

Dated: February 20th, 2024     RESPECTFULLY SUBMITTED,

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, PRO SE
P.O. Box 1962
Glendale, California 91209
Brandon@williamsandwilliamslawfirm.com

(213) 309-7138

## CERTIFICATE OF SERVICE

I hereby certify that on February 20th, 2024, a copy of the foregoing was sent to the Clerk of this Court as is required by Pro Se litigants via USPS. The mailing address is as follows: United States District Court – Central District of California, c/o Court Clerk, 350 West 1st Street, Suite 4311, Los Angeles, California 90012-4565. It will also be mailed through USPS certified mail with a signature required pursuant to all summons issued by the Clerk.

**CERTIFIED MAIL**

9589 0710 5270 0926 1114 36

Retail

U.S. POSTAGE PAID
FCM LG ENV
GLENDALE, CA 91205
FEB 21, 2024
$10.88
R2305M143312-21
RDC 99
90012

FROM:
Brandon Joe Williams
PO Box 1962
Glendale, CA 91209

$405.00

TO:
United States District Court - Central District of California
Western Division (Los Angeles)
c/o Clerk Court
350 West 1st St, Suite 4311
Los Angeles, CA 90012-4565

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 26 2024

Photo Document Mailer

9589

ReadyPost

