Stephen J. Newman (SBN 181570)
snewman@steptoe.com
Brianna M. Bauer (SBN 348309)
bbauer@steptoe.com
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400/Facsimile: (213) 439-9598
Email: docketing@steptoe.com

Attorneys for Defendant
  AMERICAN EXPRESS COMPANY and AMERICAN
  EXPRESS KABBAGE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS, | Case No. 2:24-CV-01631-MWF-PVCx |
| Plaintiff, | [Assigned to the Hon. Michael W. Fitzgerald] |
| vs. | |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC, | **REVISED NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | DATE:   May 6, 2024<br>TIME:   10:00 AM<br>DEPT:   5A |

**TO THE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on May 6, 2024 at 10:00 a.m., or as soon as thereafter as counsel may be heard, in Courtroom 5A of First Street Courthouse of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendants American Express Company and American Express Kabbage, Inc. (collectively, "American Express"), will and hereby do move the Court for an order dismissing Plaintiff Brandon Joe William's ("Plaintiff") Complaint in its entirety and without leave to amend.

The Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff brings eleven causes of action against American Express: (i) breach of contract; (ii) breach of fiduciary duty; (iii) violation of the Federal Reserve Act, 12 U.S.C. § 504; (iv) laundering of money instruments, 18 U.S.C. § 1956; (v) transportation of stolen securities, 18 U.S.C. § 2314; (vi) securities and commodities fraud, 18 U.S.C. § 1348; (vii) peonage, 18 U.S.C. § 1581; (viii) enticement into slavery, 18 U.S.C. § 1583; (ix) sale into involuntary servitude, 18 U.S.C. § 1584; (x) forced labor, 18 U.S.C. § 1589; and (xi) benefitting financially from peonage, slavery, and trafficking of persons, 18 U.S.C. § 1593A.  These claims fail as a matter of law because:

1. Plaintiff failed to state a claim against American Express for breach of contract given that Plaintiff failed to allege that American Express violated any provision of their agreements;

2. Plaintiff failed to state a claim for breach of fiduciary duty since he failed to allege that American Express and Plaintiff have a fiduciary relationship;

3. Plaintiff failed to allege any conduct giving rise to a claim under the Federal Reserve Act;

- 1 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

4. Plaintiff failed to state a claim under several criminal federal statutes since these statutes do not authorize individuals to bring civil, private rights of action.

5. Plaintiff failed to state a claim under the federal criminal statutes because simple debt collection practices do not amount to securities-related crimes, money laundering, peonage, slavery, or trafficking of Plaintiff.

The Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, such further papers as may be filed in connection with the motion and such further argument and evidence as may be presented in connection with the hearing on the Motion.

**STEPTOE LLP**

Dated: April 4, 2024

By: /s/ *Brianna M. Bauer*
  STEPHEN J. NEWMAN
  BRIANNA M. BAUER

  Attorneys for Defendant
    AMERICAN EXPRESS COMPANY
    and AMERICAN EXPRESS
    KABBAGE, INC.

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................7

I. INTRODUCTION ...................................................................................................7

II. PLAINTIFF'S ALLEGATIONS ..............................................................................8

III. ARGUMENT ..........................................................................................................10

    A. Standard of Review .....................................................................................10

    B. Plaintiff Failed to State a Claim for Breach of Contract .............................11

    C. Plaintiff Failed to Allege a Fiduciary Relationship to State a Claim for Breach of Fiduciary Duty ............................................................................12

    D. Plaintiff Failed to State a Claim Under the Federal Reserve Act ...............12

    E. Plaintiff Failed to State a Claim Under Several Federal Criminal Statutes, Given That There Is No Civil, Private Right of Action ..............................13

        1. Plaintiff Failed to State a Claim for Laundering of Money Instruments .....................................................................................13

        2. Plaintiff Failed to State a Claim Under 18 U.S.C. § 2314 .............14

        3. Plaintiff Failed to State a Claim Under 18 U.S.C. § 1348 .............14

        4. Plaintiff Failed to State a Claim for Peonage .................................15

        5. Plaintiff Failed to State a Claim for Enticement into Slavery .......15

        6. Plaintiff Failed to State a Claim for Involuntary Servitude ...........16

    F. Plaintiff Failed to State a Claim Under 18 U.S.C. § 1589 ..........................17

    G. Plaintiff Failed to State a Claim Under 18 U.S.C. § 1593A .......................17

CONCLUSION ...............................................................................................................18

- 3 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ................................................................................................ 10

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................................................ 10

Bendeck v. U.S. Bank Nat'l Ass'n,
  No. CV 17-00180 ................................................................................................... 11

Carroll v. U.S. Equities Corp.,
  No. 1:18-CV-667, 2020 WL 11563716 (N.D.N.Y. Nov. 30, 2020) ................... 14

Cleveland v. Xiong,
  2023 WL 2354817 (E.D.Cal., 2023) ...................................................................... 16

Compton v. Pavone,
  No. 21-931, 2022 WL 1039966 (2d Cir. Apr. 7, 2022) ......................................... 16

Constantino Cuara R. v. Satellite Control Network,
  No. 2:23-CV-00596, 2023 WL 5748114 (D. Utah Sept. 5, 2023) ...................... 14

Cooper v. N. Jersey Tr. Co. of Ridgewood, N. J.,
  226 F. Supp. 972 (S.D.N.Y. 1964) ........................................................................ 14

de Pacheco v. Martinez,
  515 F. Supp. 2d 773 (S.D. Tex. 2007) ................................................................... 13

Dubai Islamic Bank v. Citibank, N.A.,
  126 F. Supp. 2d 659 (S.D.N.Y. 2000) ................................................................... 13

FPI Dev., Inc. v. Nakashima,
  231 Cal. App. 3d 367 (Ct. App. 1991) .................................................................. 11

Jensen v. Quality Loan Service Corp.,
  702 F.Supp.2d 1183 (E.D.Cal., 2010) ................................................................... 10

Johnson v. Wennes,
  No. 08CV1798-L(JMA), 2009 WL 1228500 (S.D. Cal. May 5, 2009) ............. 11

- 4 -
REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

Marvin v. Cap. One,
    No. 1:15-CV-1310, 2016 WL 4548382 (W.D. Mich. Aug. 16, 2016) ............... 11

McLaughlin v. CitiMortgage, Inc.,
    726 F. Supp. 2d 201 (D. Conn. 2010) ............................................................... 15

Moya v. Chase Cardmember Serv.,
    661 F. Supp. 2d 1129 (N.D. Cal. 2009) ............................................................. 16

Nymark v. Heart Fed. Sav. & Loan Assn.,
    231 Cal. App. 3d 1089 (Ct. App. 1991) ............................................................. 12

O'Hara v. MortgageIT, Inc.,
    No. 3:18-CV-01672 (MPS), 2019 WL 4645986 (D. Conn. Sept. 24,
    2019) ................................................................................................................. 14

Richman v. Hartley,
    224 Cal. App. 4th 1182 (2014) .......................................................................... 11

Risley v. Hawk,
    918 F. Supp. 18 (D.D.C. 1996) .......................................................................... 15

Schur v. Berntsen,
    2022 WL 1294967 (D.Utah, 2022) .................................................................... 15

Shetty v. Lewis,
    No. 16-CV-03112-BLF, 2016 WL 6462068 (N.D. Cal. Nov. 1, 2016) ............. 15

Smith v. Crowl,
    No. 123CV01474JLTBAM, 2023 WL 8261325 (E.D. Cal. Nov. 29,
    2023) ................................................................................................................. 14

Thompson v. Kramer,
    No. CIV. A. 93-2290, 1994 WL 725953 (E.D. Pa. Dec. 29, 1994) ................... 13

United States v. Sheikh,
    481 F.Supp.3d 1052 (E.D.Cal., 2020) ............................................................... 17

In re Walters,
    No. 14-10119 (SMB), 2015 WL 3935237 (Bankr. S.D.N.Y. June 25,
    2015) ................................................................................................................. 11

- 5 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

**Statutes**

12 U.S.C § 504 ................................................................................................8, 12

18 U.S.C. 1589 ...............................................................................................8, 17

18 U.S.C. § 242 ....................................................................................................16

18 U.S.C. § 1348 ..................................................................................... 8, 14, 15

18 U.S.C. § 1581 .............................................................................................8, 15

18 U.S.C. § 1583 ..................................................................................... 8, 15, 16

18 U.S.C. § 1583(a) .............................................................................................15

18 U.S.C. § 1584 .............................................................................................8, 16

18 U.S.C. § 1584(a) .............................................................................................16

18 U.S.C. § 1589 .............................................................................................8, 17

18 U.S.C. § 1593A ................................................................................... 8, 17, 18

18 U.S.C. § 1956 .............................................................................................8, 13

18 U.S.C. § 2314 .............................................................................................9, 15

**Other Authorities**

Fed. R. Civ. P. 17(b) .............................................................................................8

Fed. R. Civ. P. 12(b)(6) ..................................................................................8, 10

<u>Peonage</u>, Black's Law Dictionary (11th ed. 2019) ..................................................15

- 6 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants American Express Company and American Express Kabbage, Inc. ("American Express")[1] respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff Brandon Joe Williams's ("Plaintiff") Complaint.

## I. INTRODUCTION

The Complaint filed by Plaintiff is without merit and should be dismissed with prejudice. The eleven causes of action in Plaintiff's Complaint are all based on the same simple and baseless premise - that American Express violated multiple statutes by refusing to accept illegitimate forms of payment (in the form of Documents and Parcels not tied to anything of value) as payment towards the balances on his credit card accounts and loans. Under no statutes nor set of facts is American Express liable for refusing to accept non-negotiable instruments or pretend money as satisfaction of a debt. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

Plaintiff's claims stem from the belief that American Express violated state and federal laws for not accepting illegitimate forms of payment on his American Express accounts. Plaintiff's claims are premised on the theory that: (i) Plaintiff is a "lender" that is able to create cash; (ii) Plaintiff sent documents – not tied to anything of value – to American Express as payment for his American Express accounts; and (iii) American Express acted wrongly for not accepting these illegitimate forms of payment. Indeed, Plaintiff goes as far to say that American Express's refusal to accept illegitimate forms of payment amounts to peonage, enticement into slavery, sale into involuntary servitude, and forced labor. Plaintiff's theory is not only

---

[1] American Express Kabbage, Inc. does not issue credit cards, and therefore is not liable for any claims relating to American Express credit cards. Moreover, American Express Company is a parent company of various American Express entities. However, American Express Company does not issue loans nor does it issue credit cards to consumers. As such, American Express Company is not liable for any of the matters described in the Complaint.

- 7 -

without basis in law, but is completely nonsensical.  Accordingly, and as more fully set forth below, the Court should dismiss the Complaint under 12(b)(6) of the Federal Rules of Civil Procedure with prejudice.

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff brings the following causes of action against American Express in connection with his two American Express credit card accounts, and two Kabbage loan plan accounts (the "Accounts"): (i) breach of contract; (ii) breach of fiduciary duty; (iii) violation of the Federal Reserve Act, 12 U.S.C. § 504; (iv) laundering of money instruments, 18 U.S.C. § 1956; (v) transportation of stolen securities, 18 U.S.C. § 2314; (vi) securities and commodities fraud, 18 U.S.C. § 1348; (vii) peonage, 18 U.S.C. § 1581; (viii) enticement into slavery, 18 U.S.C. § 1583; (ix) sale into involuntary servitude, 18 U.S.C. § 1584; (x) forced labor, 18 U.S.C. § 1589; and (xi) benefitting financially from peonage, slavery, and trafficking of persons, 18 U.S.C. § 1593A.  (ECF No. 1.)  However, Plaintiff's allegations do not support any of these causes of action.

In the Complaint, Plaintiff describes himself as an individual that holds a trademark of his own name "BRANDON JOE WILLIAMS®".[2]  (ECF No. 1 ¶ 14.) From this trademark, Plaintiff claims that BRANDON JOE WILLIAMS® is a lender and legally able to create currency through the Federal Reserve Bank.  (Id. ¶¶ 44-45, 149.)  On or around June 2022, Plaintiff opened the Accounts with American Express, and thus American Express extended credit to Plaintiff in the form of two credit card accounts and two loans.  (Id. ¶¶ 10-13.)  Around the same time, Plaintiff sent three documents (the "Documents")[3] – not tied to anything of value – to

---

[2] BRANDON JOE WILLIAMS®, which Plaintiff identifies as a trademark, does not have standing to sue as a trademark.  See Fed. R. Civ. P. 17(b).  As such, to the extent that Plaintiff alleges claims against American Express as BRANDON JOE WILLIAMS®, Plaintiff's claims against American Express should be dismissed for lack of standing.

[3] In the Complaint, Plaintiff defines these three documents as "conditional acceptance[s]", "bill[s] of exchange", "promissory note[s]", "negotiable instrument[s]", "collateral securities", "Federal Reserve Notes", and "blank indorsements."  (See e.g. ECF No. ¶¶ 28, 31, 33, 41, 48.)

- 8 -

1  American Express "to pay the entire amounts of all the above accounts."  (ECF No. 1
2  ¶ 52.)  In other words, Plaintiff alleges that the Documents are the equivalent of cash,
3  which he then used to pay for the extension of credit on the Accounts.

4        On or around January 2023, Plaintiff purportedly sent another document to
5  American Express instructing it to apply the Documents as payment for the
6  Accounts.  (ECF No. 1 ¶ 56.)  On or around June and July 2023, Plaintiff sent
7  American Express three additional documents (the "Parcels")[4] – not tied to anything
8  of value – to American Express.  (Id. ¶¶ 57-67.)  In the Parcels, Plaintiff instructs
9  American Express to apply the Parcels for payment on the Accounts.  (Id. ¶ 68.)
10 Plaintiff claims that the Parcels are the equivalent of "U.S. dollars."  (Id. ¶ 72.)
11 Sometime afterwards, American Express closed the Accounts.  (Id. ¶ 89.)

12       Fundamentally, Plaintiff alleges that he, in his capacity as BRANDON JOE
13 WILLIAMS®, sent money to American Express in the form of the Documents,
14 which he asserts are the equivalent of cash.  (Id. ¶¶ 50, 52.)  American Express then
15 extended credit to Plaintiff, which Plaintiff believes he already paid for with the
16 Documents.  (Id. ¶ 148.)  Plaintiff then sent the Parcels, believing that American
17 Express would accept them as payment since the Parcels contain special
18 indorsements.  (Id. ¶¶ 57-72.)  Based on these beliefs, Plaintiff claims that American
19 Express violated state and federal law in not accepting the Documents (or the
20 Parcels) for payment on the Accounts.  However, Plaintiff's beliefs are not the law.
21 Importantly, Plaintiff does not allege:
22       1. He sent legitimate forms of payment to American Express;
23       2. Any fact relating to money laundering;
24       3. Any fact relating to securities; nor
25       4. Any fact relating to peonage, enticement into slavery, or forced labor.
26

---

[4] Plaintiff defines these three additional documents as "parcels," which contain what he describes as "special indorsements". (See ECF No. 1 ¶¶ 57-67, 69, 75.)

- 9 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

As such, Plaintiff's claims simply fail as a matter of law and should be dismissed.

### III.   ARGUMENT

#### A.   Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. (internal quotations and citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

Pro se complaints are entitled to liberal construction. Id. However, dismissal is proper where there is either the lack of a cognizable legal theory or the absence of sufficient facts alleged. Jensen v. Quality Loan Service Corp., 702 F.Supp.2d 1183, 1187 (E.D.Cal., 2010). Here, even with the most liberal of constructions, Plaintiff has absolutely no legal cause of action against American Express because it refused to accept Plaintiff's Documents or Parcels as payment for Plaintiff's outstanding debts on the Accounts. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

///

///

### B. Plaintiff Failed to State a Claim for Breach of Contract

A claim for breach of contract requires the following elements: (i) the existence of a contract; (ii) that the plaintiff performed its contractual obligations; (iii) that the defendant breached a contractual provision; and (iv) that the defendant's breach caused plaintiff to incur damages. Richman v. Hartley, 224 Cal. App. 4th 1182, 1186 (2014). If an action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint, or a written contract must be attached to the complaint and incorporated by reference. See FPI Dev., Inc. v. Nakashima, 231 Cal. App. 3d 367, 383 (Ct. App. 1991).

Here, Plaintiff failed to allege that American Express breached <u>any</u> provision of his agreements with American Express to support a claim for breach of contract. Indeed, Plaintiff failed to include any language from the agreements specifying what he believes American Express breached. Moreover, Plaintiff's breach of contract claim stems from a theory that American Express should have accepted Documents or Parcels – which are not tied to anything of value – as payment for the Accounts. This theory, and similar theories, have been soundly rejected in federal court.[5]

Accordingly, the Court should find that Plaintiff has not stated, and cannot state, a breach of contract claim against American Express.

///

///

---

[5] See e.g. Johnson v. Wennes, No. 08CV1798-L(JMA), 2009 WL 1228500, at *3 (S.D. Cal. May 5, 2009) (district court dismissed claims relying on premise that mortgage was paid with promissory note); Marvin v. Cap. One, No. 1:15-CV-1310, 2016 WL 4548382, at *4-6 (W.D. Mich. Aug. 16, 2016) (court dismissed pro se plaintiff's claims premised on theory that he paid his credit card debt with papers he called "promissory notes," that were not tied to anything of value, because such a theory is "nonsense"); In re Walters, No. 14-10119 (SMB), 2015 WL 3935237, at *3 (Bankr. S.D.N.Y. June 25, 2015) (documents called "promissory notes" claiming to have value on their face are not legal tender); Bendeck v. U.S. Bank Nat'l Ass'n, No. CV 17-00180 JMS-RLP, 2017 WL 2726692, at *1-2 (D. Haw. June 23, 2017) ("This court readily rejects the 'promissory note is money' premise as absurd and frivolous").

### C. Plaintiff Failed to Allege a Fiduciary Relationship to State a Claim for Breach of Fiduciary Duty

There can be no claim for a breach of fiduciary duty absent a fiduciary relationship. Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1097 (Ct. App. 1991). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement does not exceed the scope of its conventional role as a mere lender of money."). Id. at 1097.

In our case, Plaintiff did not demonstrate that American Express owed a fiduciary duty to Plaintiff because Plaintiff only alleged that both parties engaged in arm's length transactions, i.e., opening the Accounts. Accordingly, the Court should dismiss Plaintiff's claim for breach of fiduciary duty.

### D. Plaintiff Failed to State a Claim Under the Federal Reserve Act

Plaintiff alleges that American Express violated the Federal Reserve Act, 12 U.S.C. § 504, for "failure to follow the orders of Brandon Joe Williams." (ECF No. 1 ¶ 105.) However, this claim is without merit.

Section 504 permits civil damages for a violation of certain provisions under the Federal Reserve Act. 12 U.S.C § 504(a) ("Any member bank [. . .] who violates any provision of section 371c, 371c-1, 375, 375a, 375b, 376, or 503 of this title, or any regulation pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which the violation continues.") Section 504 also permits civil damages for breach of fiduciary duty. 12 U.S.C § 504(b)(1)(C); 12 U.S.C. § 504(c)(1)(C).

Here, Plaintiff has failed to allege any conduct by American Express that would violate the Federal Reserve Act. First, as discussed in Section III(C), *supra*, American Express does not have a fiduciary relationship with Plaintiff, and thus did not breach any fiduciary relationship with Plaintiff. Moreover, no provision of the Federal Reserve Act obligates financial institutions like American Express to accept

- 12 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

illegitimate forms of payment from consumers.  Thus, Plaintiff's claim fails as a matter of law.  Accordingly, the Court should dismiss Plaintiff's claim under the Federal Reserve Act.

### E. Plaintiff Failed to State a Claim Under Several Federal Criminal Statutes, Given That There Is No Civil, Private Right of Action

As further discussed hereunder, Plaintiff has failed to state a claim for six causes of action against American Express given that these federal criminal statutes do not authorize Plaintiff to bring a civil, private right of action.  Accordingly, American Express respectfully requests that the Court dismiss these causes of action.

#### 1. Plaintiff Failed to State a Claim for Laundering of Money Instruments

Section 1956, Title 18 of the United States Code prohibits, in part, a person from knowingly conducting (or attempting to conduct) a financial transaction that "proceeds from some unlawful activity."  18 U.S.C. § 1956.  Federal courts have not recognized a private right of action under Section 1956.  See e.g., de Pacheco v. Martinez, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007); Dubai Islamic Bank v. Citibank, N.A., 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000); Thompson v. Kramer, No. CIV. A. 93-2290, 1994 WL 725953, at *15 (E.D. Pa. Dec. 29, 1994) ("plaintiff has not pointed to [. . .] anything in the legislative history of [18 U.S.C. § 1956] that would indicate that Congress intended to provide a civil cause of action for [violation of 18 U.S.C. § 1956]").  Here, Plaintiff fails to state, and cannot state, a claim against American Express under Section 1956 since he has no civil, private right of action to bring a claim under this statute.  Additionally, Plaintiff has not alleged any facts that would indicate that American Express engaged in any money laundering activities whatsoever.  As such, the Court should dismiss Plaintiff's Section 1956 claim.

///

///

### 2.     Plaintiff Failed to State a Claim Under 18 U.S.C. § 2314

Plaintiff brings his fifth cause of action under 18 U.S.C. § 2314, based on the belief that American Express fraudulently took possession of "collateral securities," which seem to be the Documents Plaintiff sent to American Express. (See ECF No. 1 ¶ 112.) Not only is Plaintiff's claim illogical, but is without basis in law.

Section 2314 makes it a federal offense to transport in interstate commerce stolen goods, wares, merchandize, securities or monies. 18 U.S.C. § 2314. There is no civil, private right of action under Section 2314. See id.; see also Cooper v. N. Jersey Tr. Co. of Ridgewood, N. J., 226 F. Supp. 972, 979-980 (S.D.N.Y. 1964); Carroll v. U.S. Equities Corp., No. 1:18-CV-667, 2020 WL 11563716, at *13 (N.D.N.Y. Nov. 30, 2020) (plaintiff failed to show that there was an implied private right of action under Section 2314); O'Hara v. MortgageIT, Inc., No. 3:18-CV-01672 (MPS), 2019 WL 4645986, at * 7 (D. Conn. Sept. 24, 2019) ("[18 U.S.C. § 2314 does] not specifically authorize a private, civil cause of action").

Here, Plaintiff failed state a claim under Section 2314 because there is no civil, private right of action. Plaintiff also did not allege any conduct having to do with securities, given that the Accounts are loans and credit card accounts. As such, this Court should dismiss Plaintiff's Section 2314 claim.

### 3.     Plaintiff Failed to State a Claim Under 18 U.S.C. § 1348

Plaintiff similarly brings a security-related claim against American Express under 18 U.S.C. § 1348. Specifically, he alleges that American Express committed securities fraud by failing to disclose "terms and options" concerning his "collateral securities." (ECF No. 1 ¶¶ 120-121.) However, Section 1348 does not provide for a civil, private right of action. Smith v. Crowl, No. 123CV01474JLTBAM, 2023 WL 8261325, at *3 (E.D. Cal. Nov. 29, 2023) (citing to Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997)); Constantino Cuara R. v. Satellite Control Network, No. 2:23-CV-00596, 2023 WL 5748114, at *2 (D. Utah Sept. 5, 2023)

- 14 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

(plaintiff failed to state a claim under Section 1348 since Section 1348 does not create a private right of action.) Again, Plaintiff's Accounts are also not securities, so Section 1348 would not be applicable even if there was a civil, private right of action. As such, the Court should dismiss Plaintiffs Section 1348 claim.

### 4. Plaintiff Failed to State a Claim for Peonage

Plaintiff brings his seventh cause of action against American Express under 18 U.S.C. § 1581. Section 1581 is a criminal statute that prohibits holding or returning a person into a condition of "peonage." "Peonage" is "the status of condition of compulsory service based upon indebtedness of the peon to the master [. . . .]." Peonage, Black's Law Dictionary (11th ed. 2019). There is no civil, private right of action under Section 1581. Shetty v. Lewis, No. 16-CV-03112-BLF, 2016 WL 6462068, at *2 (N.D. Cal. Nov. 1, 2016); see Schur v. Berntsen, 2022 WL 1294967, at *3 (D.Utah, 2022). As such, Plaintiff cannot state a claim under Section 1581 since there is no civil, private right of action. Plaintiff also failed to allege any facts indicating that American Express held Plaintiff in a condition of peonage. Thus, the Court should dismiss Plaintiff's peonage claim.

### 5. Plaintiff Failed to State a Claim for Enticement into Slavery

Plaintiff brings his eighth cause of action under 18 U.S.C. § 1583, claiming that he was enticed into slavery by sending "negotiable instruments" or "Federal Reserve Notes" to prevent his credit score from being attacked. (ECF No. 1 ¶¶ 130-135.) This claim is absurd.

Under Section 1583, Title 18 of the United States Code, it is prohibited for any person to kidnap, carry away, entice, persuade, induce a person to be sold into involuntary servitude or to be held as a slave. 18 U.S.C. § 1583(a). Section 1583 does not create a civil, private right of action. Risley v. Hawk, 918 F. Supp. 18, 21 (D.D.C. 1996); McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 220 (D. Conn. 2010) ("[E]ven if Mr. Ade Bey had alleged facts to support these fantastical

- 15 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

allegations – which he has not done – it is well settled that neither 18 U.S.C. § 242 nor § 1583, both of which are criminal statutes, provide a private right of action.")

Here, Plaintiff cannot bring a Section 1583 claim because he has no civil, private right of action under Section 1583.  Plaintiff also failed to allege facts indicating that American Express enticed Plaintiff into slavery.  To the contrary, requiring recognized forms of negotiable instruments as payment on the Accounts is not a form slavery, nor does it suggest that American Express enticed Plaintiff into slavery.  Indeed, simple debt collection does not amount to a violation under California law.  Moya v. Chase Cardmember Serv., 661 F. Supp. 2d 1129, 1132-33 (N.D. Cal. 2009) (credit card company did not violate California's Rosenthal Fair Debt Collection Practices Act by sending letter to consumer requesting payment).  As such, the Court should dismiss Plaintiff's Section 1583 claim.

### 6.  Plaintiff Failed to State a Claim for Involuntary Servitude

Plaintiff brings his ninth cause of action under 18 U.S.C. § 1584, which is a criminal statute that prohibits "knowingly and willfully" holding a person into involuntary servitude.  18 U.S.C. § 1584(a).  Similar to Plaintiff's eighth cause of action, Plaintiff believes that American Express forced Plaintiff into a condition of involuntary servitude by purportedly forcing him to provide "Federal Reserve Notes" to prevent "his credit score from being attacked."  (ECF No. ¶¶ 136-139.)  However, Plaintiff does not have a civil, private right of action under Section 1584.  Cleveland v. Xiong, 2023 WL 2354817, at 5 (E.D.Cal., 2023); Compton v. Pavone, No. 21-931, 2022 WL 1039966, at *1 (2d Cir. Apr. 7, 2022) (no private right of action under federal criminal statutes, including Section 1584).  As such, Plaintiff cannot bring a claim under Section 1584.  Additionally, just as Plaintiff failed to allege that it enticed Plaintiff into slavery, Plaintiff also failed to allege any conduct indicating that American Express held Plaintiff in involuntary servitude.  Thus, the Court should dismiss Plaintiff's Section 1584 claim.

- 16 -

REVISED NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 2:24-CV-01631-MWF-PVCx

### F.  Plaintiff Failed to State a Claim Under 18 U.S.C. § 1589

Plaintiff brings his tenth cause of action under 18 U.S.C. § 1589, which is the Trafficking Victims Protection Reauthorization Act, claiming that American Express violated this statute when "Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after his collateral securities were purloined via blank indorsement." (ECF No. 1 ¶ 142.)  While unclear, Plaintiff seems to allege that Plaintiff was forced into labor or services when American Express refused to accept his illegitimate forms payment on the Accounts.  However, Plaintiff failed to allege, and cannot allege, any conduct by American Express giving rise to a violation of Section 1589.

Section 1589 is a criminal statute which prohibits obtaining labor or services through use of force or harm, threats of force or harm, or through a scheme in which a person is led to believe that another will suffer serious harm or physical restraint. 18 U.S.C. 1589.  Federal courts have interpreted Section 1589 "broadly to cover harm such as failure to pay wages or threats of immigration harm."  <u>United States v. Sheikh</u>, 481 F.Supp.3d 1052 (E.D.Cal., 2020).  In our case, Plaintiff failed to allege any facts indicating that American Express forced him into labor, such as failing to pay him wages.  Nor has Plaintiff alleged conduct indicating that American Express led him to believe that he would suffer serious physical harm or restraint.  American Express is not obligated to accept illegitimate forms of payment under state or federal law, and thus failure to accept his payments do not give rise to a Section 1589 claim.  As such, the Court should dismiss Plaintiff's Section 1589 claim.

### G.  Plaintiff Failed to State a Claim Under 18 U.S.C. § 1593A

Plaintiff's alleges, citing to 18 U.S.C. § 1593A, that American Express knowingly benefitted financially from peonage, slavery, or trafficking of Plaintiff. 18 U.S.C. § 1593A.  This claim stems from the belief that American Express benefitted financially by keeping the Documents – which are not tied to anything of value – that Plaintiff sent to American Express. (ECF No. 1 ¶ 47.)  However,

Plaintiff's claims are without merit.  American Express did not financially benefit from Plaintiff's Documents or Parcels because they are not tied to anything of value. Plaintiff is not a lender, nor can he create cash.  (Id. ¶ 44, 150.)  Moreover, as discussed in Sections III(E)(4)-(6) and Section III(F), *supra*, Plaintiff failed to allege any conduct by American Express related to peonage, slavery, or trafficking. Therefore, the Court should dismiss Plaintiff's Section 1593A claim.

## CONCLUSION

WHEREFORE, American Express, respectfully requests this Court to enter an order: (i) granting American Express's motion to dismiss; (ii) dismissing Plaintiff's claims against American Express; (iii) awarding American Express its costs and fees incurred in having to defend this action; and (iv) granting any other relief this Court deems necessary or appropriate.

**STEPTOE LLP**

Dated:  April 4, 2024			By:   /s/ *Brianna M. Bauer*
							STEPHEN J. NEWMAN
							BRIANNA M. BAUER

							Attorneys for Defendant
							AMERICAN EXPRESS COMPANY
							and AMERICAN EXPRESS
							KABBAGE, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2024, a copy of the foregoing **NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Brianna M. Bauer*