1  Stephen J. Newman (SBN 181570)
2  *snewman@steptoe.com*
   Brianna M. Bauer (SBN 348309*)*
3  *bbauer@steptoe.com*
4  **STEPTOE LLP**
   2029 Century Park East, 18th Floor
5  Los Angeles, California 90067-3086
6  Telephone: (213) 439-9400/Facsimile: (213) 439-9598
   Email: *docketing@steptoe.com*
7

8  Attorneys for Defendant
     AMERICAN EXPRESS COMPANY and AMERICAN
9    EXPRESS KABBAGE, INC.

10
                **UNITED STATES DISTRICT COURT**
11
                **CENTRAL DISTRICT OF CALIFORNIA**
12

13  BRANDON JOE WILLIAMS,          )  Case No. 2:24-CV-01631-MWF-PVCx
                                   )
14          Plaintiff,             )  [Assigned to the Hon. Michael W.
                                   )  Fitzgerald]
15       vs.                       )
                                   )  **NOTICE OF MOTION AND**
16  AMERICAN EXPRESS COMPANY;      )  **MOTION FOR RELIEF FROM**
    AMERICAN EXPRESS KABBAGE,      )  **LOCAL RULE 7-3;**
17  INC,                           )  **MEMORANDUM OF POINTS AND**
                                   )  **AUTHORITIES IN SUPPORT**
18          Defendants.            )  **THEREOF**
                                   )
19                                 )
                                   )
20                                 )
                                   )
21                                 )

22

23

24

25

26

27

28

**TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD[1]:**

**PLEASE TAKE NOTICE** that on May 20, 2024, or as soon as thereafter as counsel may be heard, in Courtroom 5A of First Street Courthouse of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendants American Express Company and American Express Kabbage, Inc. (collectively, "American Express"), will and hereby do move the Court for an order granting American Express's Motion for Relief from Local Rule 7-3 concerning American Express's Motion to Dismiss and Plaintiff's anticipated Motion to Strike (the "Motion").

The Motion is brought because:

1.    Plaintiff brings his claims against American Express in bad faith to avoid his debt obligations;

2.    Plaintiff would not be prejudiced by the lack of conference given that this Court granted Plaintiff additional time to respond to American Express's Motion to Dismiss (ECF No. 19);

3.    American Express's attempts to meet and confer with Plaintiff have been fruitless, and resulted in Plaintiff making multiple threats to American Express;

The Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file herein, the Declaration of Brianna M. Bauer in Support of the Motion with accompanying exhibits, and such further papers as may be filed in connection with the Motion and such further argument and evidence as may be presented in connection with the hearing on the Motion.

---

[1] While Plaintiff Brandon Joe Williams ("Plaintiff") tells American Express and this Court that he is litigating this matter without representation of an attorney, Plaintiff listed a man named Jim Kimbrough as his attorney.  (ECF Nos. 13-1, 13-3.)

Dated:  April 19, 2024

**STEPTOE LLP**


By:    */s/ Brianna M. Bauer*
_____
STEPHEN J. NEWMAN
BRIANNA M. BAUER

Attorneys for Defendant
AMERICAN EXPRESS COMPANY
and AMERICAN EXPRESS
KABBAGE, INC.

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants American Express Company and American Express Kabbage, Inc. ("American Express") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Relief from Local Rule 7-3 for American Express's Motion to Dismiss and Plaintiff's anticipated Motion to Strike.

## I.      INTRODUCTION

American Express respectfully requests that the Court relieve it from complying with Local Rule 7-3 for American Express's Motion to Dismiss and Plaintiff's anticipated Motion to Strike (the "Motions") due to the unique circumstances set forth in this matter.  Plaintiff's claims against American Express in this matter are not only nonsensical, but brought in bad faith.  Plaintiff runs an online business in which he offers to help others avoid their debt obligations by filing lawsuits against financial institutions like American Express.  Indeed, Plaintiff even blogs about this case (and other federal cases) to potential clients to show the success of his debt-elimination scam.

Moreover, Plaintiff recently threatened American Express with criminal prosecution if it did not accept his settlement demand.  When American Express requested that all future conferences to be in writing in light of this threat, Plaintiff further threatened to come to counsel's office and to tell this Court that American Express willfully refused to confer with him if it did not confer with him (preferably) in person.  Such behavior is wholly inappropriate, and should not be tolerated. Accordingly, American Express requests relief from Local Rule 7-3 concerning the Motions.[2]

---

[2] American Express only seeks relief from complying with Local Rule 7-3 for the above-referenced Motions. In the event that the Court denies American Express's Motion to Dismiss, American Express intends further attempt to confer with Plaintiff on all future motions in compliance with Local Rule 7-3, but reserves its rights to seek relief from such conferrals if Plaintiff's harassing and threatening conduct continues.

## II.   RELEVANT BACKGROUND INFORMATION

### A.   Plaintiff Brings This Matter in Bad Faith, as He Is Running a Debt-Elimination Scam

In the Complaint, Plaintiff's claims against American Express are premised on the theory that: (i) Plaintiff is a "lender" that is able to create cash; (ii) Plaintiff sent "indorsed instruments" and other documents – not tied to anything of value – to American Express as payment for his American Express accounts; and (iii) American Express acted wrongly for not accepting these illegitimate forms of payment.  (See ECF No. 1.)  According to Plaintiff, American Express's refusal to accept his illegitimate forms of payment is equivalent to peonage, enticement into slavery, sale into involuntary servitude, and forced labor.  (Id.)

Crucially, this is not the first time Plaintiff has asserted these types of claims against a financial institution.  Plaintiff runs a business called Williams and Williams Law Group in which he presents himself as an "attorney-in-fact".[3]  However, a review of the California State Bar's website does not show that Plaintiff is in fact licensed to practice law in California.  (Id. ¶ 2.)  Plaintiff describes the difference between an "attorney-at-law" and "attorney-in-fact" as follows:

> A licensed lawyer is called an "attorney-at-law." A non-licensed lawyer is called an "attorney-in-fact." BOTH OF THESE TERMS ARE LAWEYERS. BOTH OF THESE TERMS ARE ATTORNEYS. Look these terms up for yourself online.
>
> An "attorney-in-fact" is a non-licensed lawyer or attorney that acts as your "agent."
>
> **I refer to myself as a lawyer or attorney** just to keep it simple [. . .] Not all legal relationships are the same and **you should be very careful to only work with unlicensed professionals**.

---

[3] (Declaration of Brianna M. Bauer in Support of Motion for Relief from Local Rule 7-3, filed concurrently with this Motion (hereinafter "Bauer Decl."), Exhibit C at 1 ¶ 5.)

(Id., Exhibit D at 3 ¶¶ 4-5) (emphasis added).  In his capacity has an "attorney-in-fact," Plaintiff offers services to help others avoid their debt obligations to financial institutions.  Specifically, Plaintiff assists others in filing lawsuits to "discharge" the debts accrued on their credit card accounts, while keeping these credit card accounts open, so that they can achieve "infinite money":

> I literally teach you how to discharge all your credit card transactions while keeping your cards open [. . . ]
>
> **I have not yet cracked infinite money yet.** You can see my current level of research on this subject by watching this video: https://youtu.be/895BWjSioY. Once you have seen that video, **you can see this video of a successful example of a restrictively indorsed instrument that caused a revolving credit card balance to vanish without the card being closed**: https://youtu.be/1aB9Q3g_nYw. There was also a "round 2" video released a couple months later which can be found here: https://youtu.be/d5dLVQ0p_a0. Once we crack infinite money, I may take on dramatically less clients. I will not know until we crack it and it is happening at a blazingly fast rate. **If you want to pay me with a credit card that you plan on discharging, realize that I support you entirely and you should do just that!**

(Id., Exhibit E at 3, Sections "Important note 1" and "Important note 4") (emphasis added.)  Plaintiff also blogs and posts to social media about these lawsuits, **including this matter**, in an effort to show that his debt-elimination scam works.  (Id., Exhibit F.)

**B.      During American Express's Attempts to Meet and Confer, Plaintiff Threatened Criminal Prosecution**

On April 11, 2024, Plaintiff emailed American Express's counsel to meet and confer concerning the Motion to Dismiss and Plaintiff's anticipated Motion to Strike. (Id. ¶ 7, Exhibit G.)  Counsel for American Express called Plaintiff, but Plaintiff did not answer the phone.  (Id. ¶ 8.)  American Express subsequently emailed Plaintiff requesting to meet and confer, and notified him that American Express did not

1  oppose his request for additional time to respond to American Express's Motion to

2  Dismiss.  (Id., Exhibit H.)

3       Later that day, the parties were able to meet over the phone.  (Id. ¶ 9.)

4  However, Plaintiff admitted that he was not ready to discuss the Motion to Dismiss

5  or the Motion to Strike.  (Id.)  The parties then scheduled a call on April 16, 2024 to

6  discuss the Motions.

7       On April 12, 2024, Plaintiff sent a letter to American Express containing his

8  settlement demand.  (Id., Exhibit I.)  In the letter, Plaintiff notified American Express

9  that he was currently seeking criminal prosecution against it, but was willing to

10  "forego" these efforts if American Express accepted his settlement demand.  (Id.

11  ¶ 5.)

12       As a result of this threat, American Express subsequently requested all future

13  conferral conferences be in writing.  (Id. ¶ 11, Exhibit J.)  In response, Plaintiff

14  insisted that he wants to meet with counsel for American Express in person, and

15  offered to "record" the exchange.  (Id., Exhibit K.)  Plaintiff threatened on two

16  separate occasions that if American Express did not agree to meet with him

17  (preferably) in person, he would notify this Court that American Express willfully

18  denied his request to meet and confer outright.  (Id., Exhibits K and L.)

## III.   ARGUMENT

### A.   This Court has Inherent Power to Maintain Control Over these Proceedings

22  "Federal courts have inherent powers to manage their own proceedings and to

23  control the conduct of those who appear before them."  Erickson v. Newmar Corp.,

24  87 F. 3d 298, 303 (9th Cir. 1996) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43,

25  111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991)); see also, L.R.  83-3.1 ("Nothing

26  contained in these Rules shall be construed to deny the Court its inherent power to

27  maintain control over the proceedings conducted before it or to deny the Court those

28

1   powers derived from statute, rule or procedure, or other rules of court.").

2   Furthermore, when the alleged misconduct of an attorney or pro se litigant[4] is

3   brought to the Court's attention, "the Court may, in its discretion, dispose of the

4   matter through the use of its inherent, statutory, or other powers; [. . . .]"  Local Rule

5   83-3.1.

6        Here, the Court has the authority to excuse American Express from its

7   conferral obligations under Local Rule 7-3 because Plaintiff's misconduct in

8   threatening (i) criminal action against American Express if it does not accept his

9   settlement demand; and (ii) to falsely report to this Court that American Express

10  willfully refused to confer are both barriers to the fruitful meet and confer process

11  intended under Local Rule 7-3.[5]  See Celece v. Dunn Sch., No. CV 20-10139-GW-

12  PVCX, 2021 WL 3190910, at *11 (C.D. Cal. June 21, 2021) ("Plaintiff['s] pro se

13  status does not exempt a litigant from engaging in respectful and professional

14  conduct.").

15       **B.    Plaintiff's Patently Bad Faith Claims Preclude the Parties from**

16              **Achieving the Purpose of Local Rule 7-3**

17       "The purpose of Local Rule 7-3 is to help parties reach a resolution which

18  eliminates the necessity for a hearing, which 'further[s] judicial economy and the

19  administration of justice.'"  Allstate Ins. Co. v. James, No. 221CV05880MCSAGR,

20  2022 WL 2784430 (C.D. Cal. May 25, 2022) (citing to James R. Glidewell Dental

21  Ceramics, Inc. v. Philadelphia Indem. Ins. Co., No. 8:16-CV-01155-JLS-E, 2016 WL

22  9223782, at *1 (C.D. Cal. Sept. 12, 2016)).  However, in our case, Plaintiff brought

23  his nonsensical claims in bad faith against American Express for the purposes of

24

---

25  [4] Pro se litigants are bound by the Local Civil Rules. L.R. 1-3.
    [5] Plaintiff also appears to have violated L.R. 83-2.2.1 by seeking the assistance of another, Joey
26  Kimbrough, in his filings (ECF Nos. 13-1, 13-3). Specifically, L.R. 83-2.2.1. states: "Any person
    representing himself or herself in a case without an attorney must appear pro se for such purpose.
27  That representation may not be delegated to any other person – even a spouse, relative, or co-party
    in the case."

28

avoiding his debt obligations.  In fact, Plaintiff intends to use this lawsuit to instruct potential clients that he can succeed in running his debt-elimination scam. (See Bauer Decl.*,* Ex F.)  As such, any meet and confer with Plaintiff will not eliminate the need for American Express's to file a motion to dismiss to have Plaintiff's claims dismissed.

### C. Plaintiff Is Not Prejudiced by Relieving American Express from Its Obligations Under Local Rule 7-3 for the Motions

"Failure to comply with the Local Rules does not automatically require the denial of a party's motion, however, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." Kobayashi v. McMullin, No. 219CV06591DOCMAA, 2022 WL 3137958, at *10 (C.D. Cal. May 31, 2022) (citing to CarMax Auto Superstores California LLC v. Hernandez, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015)); Brodie v. Bd. of Trustees of California State Univ., No. CV 12-07690 DDP AGRX, 2013 WL 4536242, at *1 (C.D. Cal. Aug. 27, 2013) (court did not deny plaintiff's motion for failure to comply with Local Rule 7-3 since the defendant did not suffer prejudice); Williams-Ilunga v. Gonzalez, No. CV 12-08592 DDP AJWX, 2013 WL 571795, at *4 (C.D. Cal. Feb. 13, 2013) (court denied pro se plaintiff's motion to strike when defendant's counsel inadvertently misinterpreted Local Rule 16-12, and Plaintiff was not prejudiced by the lack of conference); see ECASH Techs., Inc. v. Guagliardo, 35 F. App'x 498, 500 (9th Cir. 2002) (appellant not prejudiced by lack of conference because plaintiff received sufficient information to put him "on notice" for appellee's motion to dismiss).

Here, Plaintiff is not prejudiced by the lack of conference concerning American Express's Motion to Dismiss since Plaintiff had sufficient time to review American Express's grounds for its motion.  First, the Court granted Plaintiff's requested relief to extend the time for Plaintiff to respond to the motion by an additional seven (7) days.  Even if the Court had not granted this relief, American

Express notified Plaintiff it was amenable to stipulating to extending his time to respond to as many days as Plaintiff needed.  (Bauer Decl., Exhibit H at 1.) Additionally, in being served American Express's Motion to Dismiss, Plaintiff was sufficiently notified of American Express's grounds for seeking to dismiss his claims.

Moreover, Plaintiff is not prejudiced by a lack of conference concerning the Motion to Strike.  Plaintiff's Motion for Enlargement of Time (ECF No. 18), and Plaintiff's April 11, 2024 Agenda (Bauer Decl., Exhibit G), put American Express on notice of the grounds for Plaintiff's anticipated Motion to Strike.  Accordingly, American Express respectfully requests relief from Local Rule 7-3 concerning the Motions.

**D.    American Express's Attempts to Confer with Plaintiff on the Motions Have Been Fruitless**

American Express attempted on two separate occasions to confer with Plaintiff concerning the Motions.  On April 11, 2024, after Plaintiff filed his Motion for Enlargement of Time, he requested to confer with American Express concerning the Motions.  American Express immediately attempted to contact him.  However, once the parties met, Plaintiff admitted that he was not ready to discuss the Motions. The parties then scheduled a meeting at a later date to allow Plaintiff sufficient time to prepare to discuss the Motions.

However, on April 12, 2024, Plaintiff sent American Express a letter threatening criminal prosecution if it did not accept his settlement demand.  In light of the threat, American Express notified Plaintiff that all future conferences are to be done in writing.  Plaintiff refused to confer in writing.  In fact, Plaintiff threatened to tell this Court that American Express willfully refused to comply with his request to confer outright, when that is clearly not the case.  Therefore, American Express respectfully requests relief from the Local Rule 7-3 concerning the Motions.

**CONCLUSION**

WHEREFORE, American Express, respectfully requests this Court to enter an order: (i) granting American Express's Motion for Relief from Local Rule 7-3 for American Express's Motion to Dismiss and Plaintiff's anticipated Motion to Strike; and (ii) granting any other relief this Court deems necessary or appropriate.

Respectfully submitted,

**STEPTOE LLP**

By:    */s/  Brianna M. Bauer*
       STEPHEN J. NEWMAN
       BRIANNA M. BAUER

       Attorneys for Defendant
       AMERICAN EXPRESS
       COMPANY and AMERICAN
       EXPRESS KABBAGE, INC.

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on April 19, 2024, a copy of the foregoing **NOTICE OF**

3   **MOTION AND MOTION FOR RELIEF FROM LOCAL RULE 7-3;**

4   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

5   **THEREOF** was filed electronically and served by U.S. Mail on anyone unable to

6   accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by

7   operation of the court's electronic filing system or by mail to anyone unable to

8   accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may

9   access this filing through the court's CM/ECF System.

10

11                                                                        */s/ Brianna M. Bauer*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
- 11 -