UNITED STATES DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA
WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO: **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC.<br><br>  Defendants. | **Honorable Judge Michael W. Fitzgerald**<br><br>**Magistrate Judge Pedro V. Castillo**<br><br>HEARING DATE: May 6, 2024<br>TIME: 10:00 AM<br>ROOM: 5A |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS MOTION TO DISMISS**

COME NOW BRANDON JOE WILLIAMS, Plaintiff, by and through Brandon Joe Williams, Agent, submitting this Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7-9. This Motion to Strike addresses procedural discrepancies and non-compliances identified in the defendants' submissions. This motion seeks to strike portions of the defendants' filings that are insufficiently supported by the required evidence, fail to meet procedural requirements, or are otherwise inappropriate for consideration.

  I.  **Local Rules as Law**

Local rules have the force of law and are binding upon both the courts and counsel involved in the case. These rules are treated with the same importance as statutory enactments, illustrating their critical role in governing judicial proceedings.

• Local rules are equivalent to statutory laws, necessitating strict compliance by all parties involved in judicial processes. (*Beasley v U.S.*, D.C.S.C. 1948, 81 F.Supp. 518)

• Rules promulgated by the Supreme Court are legally binding unless they contravene federal statutes, further emphasizing the mandatory nature of procedural compliance. (*Kuenzel v Universal Corloading & Distributing Co.*, D.C.Pa. 1939, 29 F.Supp. 407)

• Such rules are as binding upon the court as upon counsel, highlighting their statutory force in judicial processes. (*Barrezueta v Sword S.S. Line*, D.C.N.Y. 1939, 27 F.Supp. 935)

## II. Impact of Not Following Rules

Non-compliance with local rules, such as the failure to conduct a meet-and-confer session as prescribed by Local Rule 7-3, compromises the procedural integrity of judicial proceedings. Such violations can lead to judgments or orders being deemed void, illustrating the critical nature of adhering to established procedural norms.

• Violations of procedural rules can render judicial actions void, undermining the legitimacy and enforceability of judicial decisions. (Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties, *Cockerham v. Zikratch*, 619 P.2d 739 (Ariz. 1980))

## III. Conclusion and Request for Relief

Based on the defendants' failure to comply with Local Rule 7-3, it is requested that the court consider this failure in its evaluation of the Motion to Dismiss. The plaintiff seeks an order compelling the defendants to comply with the meet-and-confer requirement set forth in Local Rule 7-3, thereby upholding the procedural integrity of this case.

**IV. Violation of Local Rule 7-5(b): Insufficient Moving Papers**

Local Rule 7-5(b) requires that any motion must be supported by both a memorandum of points and authorities and the evidence upon which the moving party intends to rely. This procedural requirement ensures that the court has a substantial factual basis to consider when evaluating the merits of a motion.

• **Requirements Under Local Rule 7-5(b)**: Each motion must include a memorandum in support that not only argues the case but also presents the necessary evidence, such as affidavits or depositions, to substantiate the claims.

• **Defendants' Non-Compliance with Local Rule 7-5(b)**: The defendants have submitted a Motion to Dismiss without the necessary supporting evidence as mandated by Local Rule 7-5(b), relying solely on the hearsay of counsel which is insufficient for the purposes of such a motion.

• **Legal Precedent and Impact of Non-Compliance**: *Trinsey v. Pagliaro* supports the necessity for actual evidence in motion proceedings, emphasizing that statements of counsel alone are insufficient. (*Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964))

• **Request for Relief**: The plaintiff requests the court to consider this significant procedural violation when reviewing the Motion to Dismiss and to require the defendants to comply with Local Rule 7-5(b) by submitting the necessary evidence. Alternatively, it is suggested that the court deny the motion due to its foundational non-compliance.

**V. Violation of Local Rule 7-6: Failure to Present Written Evidence**

Local Rule 7-6 stipulates that factual contentions in any motion and opposition should be supported solely by declarations and other written evidence, such as documents, photographs,

and deposition excerpts. This rule underscores the importance of presenting factual evidence in writing to support legal arguments in motions.

• **Requirements Under Local Rule 7-6**: The rule specifies that all factual assertions must be supported by written evidence, making the submission of such evidence compulsory for the consideration of any motion.

• **Defendants' Non-Compliance with Local Rule 7-6**: The defendants have failed to include any of the requisite written evidence with their Motion to Dismiss, relying solely on unsupported claims. This approach contradicts the explicit mandates of Local Rule 7-6.

• **Legal Implications of Non-Compliance**: The term 'shall' in the context of Local Rule 7-6 indicates a mandatory requirement, leaving no room for discretion on the part of the court or the parties involved. This mandatory nature is further supported by the precedent set in *Trinsey v. Pagliaro*, which emphasizes the necessity of factual evidence in motion proceedings.

• **Request for Relief**: Given the defendants' failure to comply with Local Rule 7-6, the plaintiff respectfully requests the court to either compel the defendants to submit the required written evidence or consider their failure as a basis to deny the Motion to Dismiss.

**VI. Implications of Local Rule 7-12: Consent by Non-Compliance**

Local Rule 7-12 establishes that the court may decline to consider any memorandum or other document not filed within the established deadlines or fail to consider motions lacking the required supporting documents. This rule allows the court to interpret non-compliance as implicit consent to the denial of a motion, emphasizing the critical importance of timely and complete submissions.

- **Interpretation of Local Rule 7-12**: The rule clearly indicates that failure to file the required documents, including evidence supporting motions, can be deemed as consent to the denial of the motion. This provision enforces strict adherence to procedural requirements and ensures judicial efficiency.

- **Defendants' Implicit Consent to Denial**: By not providing the required evidence as mandated by Local Rules 7-5(b) and 7-6, the defendants have, under Local Rule 7-12, effectively consented to the denial of their Motion to Dismiss. Their omission signals a procedural acceptance of the motion's potential unfavorable resolution.

- **Legal Consequences and Plaintiff's Position**: The plaintiff asserts that due to the defendants' failure to comply with Local Rules 7-5(b) and 7-6, coupled with the implications of Local Rule 7-12, the court should consider these failures as consent to the denial of the Motion to Dismiss. This interpretation supports the judicial principles of fairness and adherence to procedural rules.

- **Request for Judicial Action**: The plaintiff respectfully requests the court to apply Local Rule 7-12 and consider the defendants' non-compliance as consent to deny their Motion to Dismiss, upholding the procedural integrity and the rule of law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Brandon Joe Williams, respectfully requests the Court to issue an order as follows:

1. **Granting the Motion to Strike** pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7-9, striking from the record any and all portions of the Defendants' filings that have been identified as insufficiently supported by evidence, failing to meet procedural requirements, or otherwise inappropriate for consideration.

2. **Compelling the Defendants to Conduct a Meet-and-Confer Session** in compliance with Local Rule 7-3, to ensure that all potential resolutions are thoroughly discussed in accordance with the procedural rules governing this case.

3. **Denying the Defendants' Motion to Dismiss,** on the basis that it is procedurally defective and lacks the necessary evidentiary support as required by Local Rule 7-5(b) and 7-6.

4. **Awarding the Plaintiff His Costs and Fees Incurred** as a result of having to address and respond to the Defendants' procedural non-compliance and defending this action against a motion that failed to meet the necessary procedural and evidentiary standards.

5. **Enforcing Local Rule 7-12** by deeming the Defendants' failure to file the required documents and evidence as consent to the denial of their Motion to Dismiss, thereby upholding the integrity of the judicial process and ensuring that litigants adhere to the rules set forth for the orderly conduct of proceedings.

6. **Granting Such Other and Further Relief** as the Court deems just and proper in order to fully and fairly resolve the issues presented by this motion and to protect the interests of justice.

Plaintiff believes that the relief sought herein is necessary to correct the procedural imbalances presented by the Defendants' filings and to uphold the principles of fairness and due process that are foundational to our legal system.

April 21, 2024                                              RESPECTFULLY SUBMITTED,

                                                            BRANDON JOE WILLIAMS

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, Agent, Pro Se
P.O. Box 1962
Glendale, California 91209
brandon@williamsandwilliamslawfirm.com

(213) 309-7138

## Certificate of Service

Plaintiff certifies that on April 21st, 2024, the foregoing *Plaintiff's Motion to Strike Defendants Motion to Dismiss* was filed with the Clerk of this Court via ECF. I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com