UNITED STATES DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA
WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO: **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. <br><br> Defendants. | **Honorable Judge Michael W. Fitzgerald** <br><br> **Magistrate Judge Pedro V. Castillo** <br><br><br> HEARING DATE: May 6, 2024 <br> TIME: 10:00 AM <br> ROOM: 5A |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM LOCAL RULE 7-3**

TO THE COURT, AMERICAN EXPRESS AND ITS ATTORNEYS OF RECORD:

Plaintiff's Agent, Brandon Joe Williams, hereby submits his *Response in Opposition to Defendant's Motion for Relief* from Local Rule 7-3 pursuant to Local Rule 7-9. This response challenges the grounds on which the Defendant seeks relief from the established Local Rules that mandate meet and confer discussions prior to motion filings.

**INTRODUCTION**

This situation, presented before this Honorable Court, has regrettably transitioned from a straightforward procedural adherence into a complex and unnecessary legal entanglement that threatens the integrity of judicial processes. The Plaintiff's Agent, Brandon Joe Williams, asserts that the motions and actions taken by the defense, particularly by Attorney Brianna M. Bauer, appear designed not just to sidestep established procedural requirements but to actively mislead the Court regarding their efforts—or the lack thereof—to adhere to these requirements.

**Misleading the Court**: The Plaintiff believes that Attorney Bauer is attempting to mislead this Honorable Court regarding the Defendant's compliance with Local Rules. It is imperative to highlight that there were no attempts by Defendants or their counsel to set up a meet and confer pursuant to Local Rule 7-3 prior to their Motion to Dismiss. This omission not only undermines the procedural foundations set by this Court but also misrepresents the facts to the detriment of the Plaintiff.

**Plaintiff's Efforts to Comply**: Contrary to the assertions made by the defense, the only discussions pursuant to Local Rule 7-3 that have taken place thus far are at the initiative of the Plaintiff. These efforts by the Plaintiff to engage in discussions underscore a fundamental commitment to the rules and processes established by this Court, in stark contrast to the actions of the defense.

The Plaintiff respectfully brings to this Court's attention the importance of treating Court rules with the same respect and adherence as law. As established in *Barrezueta v. Sword S.S. Line* (D.C.N.Y. 1939, 27 F.Supp. 935), rules promulgated

by the Supreme Court have the force of law and are as binding upon the court as upon counsel. Additionally, *Kowalewski v. Pennsylvania R. Co.* (D.C.Del. 1957, 21 F.R.D. 244) affirms that such rules "have the same force and effect as statutory enactments of Congress". This legal framework demands that both parties engage with these rules with the utmost seriousness and integrity.

By failing to attempt a meet and confer before proceeding with their *Motion to Dismiss*, Defendants have not only breached Local Rule 7-3 but have also potentially deprived this Court of the opportunity to resolve matters without further judicial intervention. The spirit of these rules, as further affirmed in *Kuenzel v. Universal Corloading & Distributing Co.* (D.C.Pa. 1939, 29 F.Supp. 407), is to foster a cooperative environment that could preclude the necessity of a motion altogether.

Given these precedents and the actions—or inactions—of the defense, the Plaintiff requests that this Court view the motions filed by the Defendants with scrutiny commensurate with the seriousness of their procedural deviations. The Plaintiff seeks not only to defend his position but also to uphold the procedural sanctity of this Court's established rules.

**Rebutted Assumptions and Declarations**

**1.      Bad Faith and Debt Obligations**

In the Motion for Relief from Local Rule 7-3, the Defendants, through their counsel, have levied serious accusations against the Plaintiff, alleging bad faith in his dealings and an intention to evade debt obligations. These assertions are not

only damaging but are also made without substantive proof, relying instead on broad statements intended to discredit the Plaintiff and his valid claims. Such tactics are indicative of an attempt to divert this Court's attention from the substantive legal issues at hand and focus instead on unfounded character assertions.

**Lack of Substantive Evidence**: The Defendants have yet to offer concrete evidence to support their allegations of bad faith. The reliance on a mere declaration by Defense counsel does not meet the evidentiary standards required in judicial proceedings. As per ***Trinsey v. Pagliaro***, "depositions, admissions, or affidavits are necessary for the court to rely upon in making a summary determination; statements of counsel in their briefs or argument while enlightening to the court are not sufficient for purposes of granting a motion to dismiss or summary judgment" (*Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647). This case clearly establishes that mere declarations by an attorney are insufficient to substantiate claims in a motion to dismiss, necessitating more concrete forms of evidence such as depositions or affidavits.

**Attempts to Discredit Plaintiff**: It is concerning that the Defendants choose to portray the Plaintiff's legal interpretations and actions as inherently fraudulent without substantiating their claims with factual evidence. This approach seems designed to undermine the Plaintiff's credibility and legal standing through insinuation and disparagement rather than through the due process of law.

**Legal Standards for Evidence**: The reliance on unsubstantiated declarations contravenes the requirements set forth in federal case law, which mandates that motions and claims must be supported by tangible, verifiable evidence. This standard is not only a matter of legal protocol but also of ensuring fairness and integrity in judicial proceedings. As reiterated in *Trinsey v. Pagliaro*, the court requires actual evidence in the form of depositions, admissions, or affidavits to make any summary determination. The absence of such evidence in the Defendants' submissions should thus be viewed with skepticism.

**Conclusion**: The Plaintiff requests that this Court consider the serious deficiencies in the evidence presented by the Defendants concerning their claims of bad faith and debt evasion. The Plaintiff maintains that his actions and claims are legally founded and substantiated, in stark contrast to the Defendants' claims, which lack the requisite legal substantiation as per the standards outlined in *Trinsey v. Pagliaro* and other relevant case law. Therefore, the Plaintiff urges the Court to view these unfounded allegations with the caution they warrant and dismiss the Defendants' motion based on a lack of substantive evidence.

**2. Threats to Defense Attorneys**

In their motion, Defendants have characterized communications from the Plaintiff as threats towards Defense counsel. This portrayal is not only misleading but also grossly misrepresents the intentions and actions of the Plaintiff. Such mischaracterization appears to be yet another attempt by Defense counsel to paint an inaccurate assessment of the facts to this Honorable Court.

**Initiation of Meet and Confer Discussions**: It is imperative to note that the Plaintiff initiated the only meet and confer discussions held in this matter, clearly demonstrating his willingness and intention to comply with Local Rule 7-3. The Plaintiff proactively reached out to Defense counsel to discuss potential procedural issues with the Defendants' Motion to Dismiss, which he suspected had several procedural shortcomings. This initiative was initially met with agreement from Counsel Bauer, who consented to the meet and confer as per the procedural requirements.

**Agenda and Follow-up Communication**: Following the agreement to meet, the Plaintiff prepared and sent an agenda that meticulously outlined the topics for discussion, including highlighting the procedural deficiencies in the Defendants' motion. This was a preparatory step intended to ensure a structured and productive discussion during the meet and confer. Furthermore, in a spirit of full transparency and to facilitate a comprehensive discussion, the Plaintiff sent a follow-up email adding an additional talking point: his ongoing research into possible criminal charges related to his claims, which are inherently criminal in nature.

**No Insinuation of Threat**: At no point did the Plaintiff insinuate any threat in his communications. The mention of potential criminal charges was purely informational, intended to bring all relevant issues to the table before the formal discussion. This was an earnest attempt by the Plaintiff to lay out all talking points openly, aligning with the purpose of Local Rule 7-3—to discuss thoroughly the

substance of the contemplated motions and potential resolutions before court involvement.

**Cancellation of Meet and Confer**: Contrary to the cooperative spirit expected in pre-motion discussions, it was after receiving the agenda and the additional talking point that Attorney Bauer abruptly indicated that the meet and confer was cancelled. This decision to cancel the meeting, following the Plaintiff's disclosure of potential discussion points, suggests a reluctance from the Defense to engage in open and thorough dialogue as envisioned by Local Rule 7-3.

**Conclusion**: The Defendants' portrayal of the Plaintiff's communications as threats significantly distorts the reality of his attempts to engage in the meet and confer process. This portrayal not only undermines the Plaintiff's genuine efforts to resolve issues amicably but also misleads the Court about the nature of the interactions between the parties. The Plaintiff requests that the Court recognize these facts and consider the Defendants' mischaracterizations as part of an ongoing pattern to discredit the Plaintiff and avoid substantive pre-motion discussions.

### 3. Fruitless Attempts to Meet and Confer

Contrary to claims by American Express, I have made extensive efforts to engage in meaningful dialogue under Local Rule 7-3. My approach has consistently been in the spirit of cooperation and compliance with court protocols. I even offered to meet physically to facilitate these discussions, underscoring my commitment to procedural compliance.

**Legal Arguments**

   A. **Importance of Adhering to Local Rule 7-3**

Local Rule 7-3 plays a critical role in the judicial process, designed to encourage direct communication between parties with the goal of resolving disputes without the need for further judicial intervention. Adherence to this rule is not merely a procedural formality but a substantive requirement that serves to enhance judicial efficiency and conserve court resources by potentially obviating the need for further motions and hearings.

**Integral to Judicial Economy**: The intent behind Local Rule 7-3 is to foster an environment where litigants can resolve issues amicably or narrow down the points of contention before involving the court. This process is fundamental to judicial economy, as it often leads to the resolution of conflicts or, at minimum, a clearer understanding of the issues in dispute. By mandating that parties attempt to confer before filing motions, the court ensures that only matters truly in need of adjudication are brought before it.

**Case Law Supporting the Enforcement of Local Rules as Law**: The enforcement of local rules is supported by numerous legal precedents that recognize these rules as having the force of law. For example, the U.S. Supreme Court in *United States v. Hvass*, 355 U.S. 570 (1958), upheld the application of local court rules regarding procedural matters, affirming their necessity in maintaining orderly and efficient judicial processes. Similarly, *Barrezueta v. Sword S.S. Line*, D.C.N.Y. 1939, 27 F.Supp. 935, and *Kowalewski v. Pennsylvania R. Co.*, D.C.Del. 1957, 21

F.R.D. 244, both underscore the binding nature of local rules, equating them with statutory provisions that must be adhered to by both the court and counsel.

**Supreme Court's View on Local Rules**: The Supreme Court has further solidified this perspective in *Weil v. Neary*, 278 U.S. 160 (1929), where it noted that local rules adopted for the conduct of court business are devised not merely as guidelines but as rules bearing the weight of law, which when promulgated are to be followed unless contravened by a higher statutory authority.

**Consequences of Non-Compliance**: Non-compliance with such rules can lead to a variety of sanctions, ranging from the denial of motions to more severe disciplinary actions, depending on the nature of the breach and its impact on the judicial process. The courts maintain discretion to enforce compliance, as seen in *Thomas v. Arn*, 474 U.S. 140 (1985), where the Court upheld the enforcement of a local rule requiring a party to file an objection to a magistrate judge's report and recommendation within ten days or waive further appeal.

**Conclusion**: Given the clear mandate and the established legal foundation supporting the enforcement of local rules as equivalent to law, it is imperative for all parties to adhere strictly to Local Rule 7-3. The failure to do so not only disrupts the procedural economy intended by these rules but also potentially hampers the substantive rights of the parties to resolve their disputes efficiently and fairly. The Defendants' apparent disregard for this rule, as demonstrated by their cancellation of the meet and confer and their lack of substantive engagement, should not be condoned by this Honorable Court.

### B. Pro Se Litigant Considerations

The treatment of pro se litigants within the legal system demands particular attention, recognizing that individuals who represent themselves are not trained lawyers and may lack a comprehensive understanding of legal procedures and norms. Courts have historically granted pro se litigant's certain leniencies in terms of procedural compliance, which reflects a broader judicial commitment to ensuring fairness and justice, even in the absence of formal legal representation.

**Judicial Support for Pro Se Litigants**: Courts have consistently recognized that pro se litigants often face significant challenges due to their lack of legal training. As such, there is a longstanding tradition within the American judicial system to afford certain leniencies to self-represented litigants. This approach is encapsulated in the Supreme Court decision in ***Haines v. Kerner***, 404 U.S. 519 (1972), where the Court held that pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. The Court further stated that if the allegations of a pro se complaint are sufficient to give rise to a right to relief under any conceivable set of facts, the complaint should not be dismissed for failure to state a claim.

**Liberal Construction of Pro Se Filings**: Following the principles set forth in *Haines*, other courts have adopted a policy of liberal construction of pro se documents. In ***Erickson v. Pardus***, 551 U.S. 89 (2007), the Supreme Court reiterated that a document filed pro se is "to be liberally construed" and that a pro se complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers. This is because the court has a duty to ensure that pro se litigants do not lose their right to a fair hearing due to inadvertence or a lack of legal expertise.

**Ensuring Access to Justice**: The principle of liberal construction is intended to prevent any party from being unfairly disadvantaged merely because they have chosen to represent themselves. In *Lajoie v. Thompson*, 217 F.3d 663 (9th Cir. 2000), the Ninth Circuit emphasized that the judiciary has a responsibility to ensure that claims of pro se litigants are given fair and meaningful consideration, regardless of the technical precision of their presentations.

**Pro Se Litigants and Local Rules**: While pro se litigants are expected to comply with relevant laws and procedural rules, courts often exercise discretion when such litigants fail to meet technical procedural requirements. In *Pliler v. Ford*, 542 U.S. 225 (2004), the Supreme Court noted that judges have the discretion to provide assistance to pro se litigants, particularly where procedural rules are complex and a strict adherence would jeopardize a litigant's substantive rights.

**Conclusion**: Given these legal precedents, it is clear that the court should apply a standard of leniency in evaluating the procedural actions of the Plaintiff, especially in the context of Local Rule 7-3 meet and confer requirements. The Plaintiff's efforts, as detailed earlier, demonstrate a sincere attempt to comply with court procedures. Any shortcomings in these efforts should be viewed in light of the broader judicial mandate to facilitate access to justice for all litigants, particularly those who are self-represented.

### C. Case Law and Precedents

The judiciary's adherence to case law and precedents is fundamental to the consistent and fair application of the law. This section underscores the importance of following established legal precedents, particularly those that relate to the application and interpretation of local rules and the special considerations given to pro se litigants.

**Local Rules Equated with Law**: The binding nature of local rules as law is well established in judicial precedent. For instance, the U.S. Supreme Court in *United States v. Hvass*, 355 U.S. 570 (1958), affirmed that local rules have the force of law and are necessary for the orderly transaction of court business. Similarly, *Weil v. Neary*, 278 U.S. 160 (1929), reinforces that local rules are devised by courts to facilitate proper function and must be adhered to unless they contravene statutory provisions or constitutional mandates.

**Supporting Judicial Efficiency**: In *Thomas v. Arn*, 474 U.S. 140 (1985), the Supreme Court upheld a local rule that required parties to file objections to a magistrate judge's report to preserve further appellate review rights, highlighting the role of local rules in promoting efficiency and orderliness in judicial proceedings. This decision underscores the expectation that both represented and pro se parties should respect and follow procedural rules, which are integral to the systematic operation of the judiciary.

**Pro Se Litigant Considerations in Precedents**: The Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519 (1972), is pivotal, as it sets a less stringent

standard for evaluating pro se pleadings. The Court held that pro se complaints are to be construed liberally, allowing for a more equitable administration of justice. Following this, **Erickson v. Pardus**, 551 U.S. 89 (2007), further affirmed that courts are to liberally construe filings of pro se litigants to avoid penalizing them for lacking legal expertise.

**Doctrine of Liberal Construction**: The principle of liberal construction for pro se litigant filings is designed to ensure that these litigants are not dismissed on mere technicalities and that their cases are given due consideration. This doctrine was affirmed in **Pliler v. Ford**, 542 U.S. 225 (2004), where the Supreme Court recognized the discretionary power of the court to assist pro se litigants in navigating complex procedural landscapes, thereby ensuring that justice is accessible to all, irrespective of their legal proficiency.

**Conclusion**: The aforementioned case law and precedents illustrate a clear judicial mandate to treat local rules with the same respect and adherence as statutory laws. They also highlight the courts' role in ensuring that these rules are applied consistently but with consideration for the unique challenges faced by pro se litigants. This legal framework mandates that the court should carefully consider the efforts of the Plaintiff to comply with Local Rule 7-3 and interpret any procedural missteps with leniency, reflecting both the spirit of the law and the precedents set by higher courts. This balanced approach ensures that justice is not only served but is seen to be served, maintaining the integrity of the judicial process while accommodating the realities of self-representation.

**Conclusion and Prayer for Relief**

In conclusion, this Response has comprehensively addressed the assertions made by the Defendants in their Motion for Relief from Local Rule 7-3. The arguments presented by the Defendants have been thoroughly examined and rebutted based on factual inaccuracies, misrepresentations of interactions between the parties, and a lack of substantive evidence, which their motion heavily relies upon. The Plaintiff has demonstrated a consistent commitment to the rules and principles that govern these proceedings, upholding both the spirit and the letter of Local Rule 7-3 despite facing significant challenges as a pro se litigant.

**Request to Deny Relief**: The Plaintiff respectfully requests that this Honorable Court deny the Defendants' Motion for Relief from Local Rule 7-3. It is evident from the discussions herein that the Defendants have not provided a sufficient basis, either legally or procedurally, to warrant relief from such an essential rule. The rule is designed to promote efficiency and reduce judicial burden by encouraging parties to resolve issues amicably without the need for court intervention.

**Uphold the Integrity of Judicial Processes**: Granting the Defendants' motion would not only undermine the procedural framework established by Local Rule 7-3 but also set a precedent that might encourage other parties to circumvent necessary pre-motion discussions. Such an outcome would be detrimental to the principles of judicial economy and fairness that this rule seeks to protect.

**Ensure Equitable Treatment**: Moreover, this Court is urged to consider the principles upheld by the Supreme Court and various precedents that advocate for

the fair and just treatment of pro se litigants. These precedents emphasize the importance of construing pro se filings liberally and ensuring that such litigants are not disadvantaged by their lack of legal training. The Plaintiff has endeavored to comply with all procedural requirements and has engaged in the processes in good faith, guided by a strong commitment to resolve matters in accordance with the Court's expectations.

**Prayer for Relief**: Therefore, the Plaintiff prays that this Court:

1. Deny the Defendants' Motion for Relief from Local Rule 7-3.

2. Uphold the mandatory requirement for meet and confer sessions as stipulated in Local Rule 7-3, ensuring that all parties adhere to this rule in both letter and spirit.

3. Grant such other and further relief as this Court deems just and proper to ensure fairness and justice in these proceedings.

In making these requests, the Plaintiff not only seeks justice in his own case but also strives to reinforce the importance of adherence to procedural norms that benefit the broader legal community and the integrity of the judicial system. This Court's decision in this matter will reaffirm the foundational legal principles that ensure equitable treatment for all litigants, regardless of their legal expertise.

April 21, 2024                                          RESPECTFULLY SUBMITTED,

                                                        BRANDON JOE WILLIAMS

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, Agent, Pro Se
P.O. Box 1962
Glendale, California 91209
brandon@williamsandwilliamslawfirm.com

(213) 309-7138

## Certificate of Service

      Plaintiff certifies that on April 21st, 2024, the foregoing *Plaintiff's Response in Opposition to Defendants Motion for Relief from Local Rule 7-3* was filed with the Clerk of this Court via ECF. I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com