Stephen J. Newman (SBN 181570)
*snewman@steptoe.com*
Brianna M. Bauer (SBN 348309*)*
*bbauer@steptoe.com*
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400/Facsimile: (213) 439-9598
Email: *docketing@steptoe.com*

Attorneys for Defendant
  AMERICAN EXPRESS COMPANY and AMERICAN
  EXPRESS KABBAGE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS, | Case No. 2:24-CV-01631-MWF-PVCx |
| Plaintiff, | [Assigned to the Hon. Michael W. Fitzgerald] |
| vs. | **AMERICAN EXPRESS'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC, | |
| Defendants. | |

## <u>REPLY MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendants American Express Company and American Express Kabbage, Inc. (collectively "American Express") file this Reply in support of their Motion to Dismiss Plaintiff's Complaint [ECF No. 16] ("the Motion") and in response to Plaintiff's Response in Opposition to Defendants Motion to Dismiss [ECF No. 21] (the "Opposition").

## I.     INTRODUCTION

California district courts have "thoroughly rejected" the "vapor money" theory upon which Plaintiff's Complaint is based. <u>See</u> <u>Lawson v. CitiCorp Trust Bank, FSB</u>, No. 2:11-cv-01163, 2011 WL 3439223, *3 (E.D.Cal. Aug. 5, 2011).  Plaintiff has not presented any argument or case law to this Court to show that he has stated any viable cause of action against American Express in this matter and he never can.

First, American Express did not violate Local Rules 7-5 and 7-6 by not offering evidence to support the Motion.  American Express filed a Motion to Dismiss.  American Express is not permitted to submit evidence in support of its Motion since this Court may only consider the allegations in Plaintiff's Complaint in assessing whether his claims will survive American Express's Motion.

Second, there is no dispute as to the value of the "Documents" and "Parcels" Plaintiff sent to American Express.  By Plaintiff's own admission, Plaintiff claims that the "Documents" and "Parcels" have value because the trademark BRANDON JOE WILLIAMS® can create legal currency.  California district courts have long rejected such documents as legitimate forms of payment.  <u>See</u> <u>id.</u>

Third, the law is clear that even pro se plaintiffs must plead their own claims without assistance of the court.  Plaintiff improperly asks this Court to find related civil causes of action on his behalf in order to avoid dismissal of his claims.[1]  It is

---

[1] We note that Plaintiff represents himself in this matter and on his website as an "attorney."

Plaintiff's obligation to plead a viable cause of action without the assistance of this Court.

For these reasons, this Court should dismiss the Complaint under 12(b)(6) of the Federal Rules of Civil Procedure with prejudice.

## II.    ARGUMENT

### A.    Local Rules 7-5 and 7-6 Are Not Applicable to the Motion

Plaintiff argues that the Motion should be denied for failure to comply with Local Rules 7-5 and 7-6, which require that motions be supported by evidence.[2] (ECF No. 16 at 1 ¶ 2.)  However, Plaintiff is incorrect.  A court may only consider the four corners of a plaintiff's complaint when assessing whether the plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Here, American Express was not permitted to submit evidence to support its Motion.  Even if American Express attempted to submit evidence in support of this Motion, this Court cannot consider it.  Thus, Plaintiff's argument fails.

### B.    Plaintiff's Claims Fail as a Matter of Law Because Plaintiff's Documents and Parcels Are Not Legitimate Forms of Payment

Based on the Complaint, Plaintiff's claims against American Express are based on the theory that American Express acted wrongly in not accepting non-legitimate forms of payment for the payment of his debts.  (ECF No. 1.)  In the Opposition, Plaintiff also argues that dismissing his claims at this stage is improper because he believes that the "Documents" and "Parcels" he sent to American Express are legitimate forms of payment.  (ECF No. 21 at 19 ¶ 1.)  However, as stated in the Motion, Plaintiff's beliefs have been thoroughly rejected by California state and

---

[2] Plaintiff also cites to the conferral requirement under Local Rule 7-3 as grounds to deny the Motion.  On April 19, 2024, American Express filed a Motion for Relief from Local Rule 7-3 due to Plaintiff's bad faith claims, inappropriate behavior, and given that such relief would not prejudice the Plaintiff.  (ECF No. 20.)  American Express incorporates all arguments made in its Motion for Relief as if the same were fully set forth herein.

federal courts.  See Lawson v. CitiCorp Trust Bank, FSB, No. 2:11-cv-01163 2011, WL 3439223, *4 (E.D.Cal. Aug. 5, 2011) (noting that California state and federal courts have uniformly rejected cases based upon the "vapor money theory" and "even sanctioned some pro se litigants for pursuing this frivolous and improbable theory.")

American Express extended two credit cards and two loans (the "Accounts") the Plaintiff.  (ECF No. 1 ¶¶ 10-13.)  Plaintiff then accrued debt on these Accounts. (See Id. ¶¶ 10-13, 29.)  Plaintiff purportedly sent multiple documents to American Express to pay off these debts.  (Id. ¶¶ 52, 56-68, 72.)  However, Plaintiff does not allege that he sent legitimate forms of payment, such as: (i) a check clearable through the U.S. banking system; (ii) a negotiable instrument clearable through the U.S. banking system, like a money order; or (iii) an electronic payment clearable through the U.S. banking system.  See Lull v. Cnty. of Sacramento, No. 2:18-cv-1020-MCE-EFB-PS, 2019 WL 4274087, *2 (E.D.Cal. Sept. 10, 2019) (citing to collection of cases showing that checks, money orders, and electronic payments are legitimate forms of payment under federal law).  Instead, Plaintiff claims that these documents have "value" because BRANDON JOE WILLIAMS®[3] is able to legally create currency as a member of the Federal Reserve Bank.  (ECF No. 1 ¶¶ 44-45.)  This is simply illogical.  A trademark cannot create currency.  Documents do not become the equivalent of cash because Plaintiff believes they should.

Moreover, federal courts have dismissed claims brought under theories that are the same or similar to Plaintiff's.  (ECF No. 16 at 11 ¶ 2 n. 5.)  For instance, in Marvin v. Capital One,[4] the pro se plaintiff alleged that he sent two documents he

---

[3] As discussed in the Motion, BRANDON JOE WILLIAMS® does not have standing to sue as a trademark.  See Fed. R. Civ. P. 17(b).  Plaintiff also cannot sue on behalf of the trademark BRANDON JOE WILLIAMS® since there is no statute authorizing him to do so.  See Naruto v. Slater, 888 F.3d 418, (9th Cir. 2018).  As such, Plaintiff's claims against American Express related to BRANDON JOE WILLIAMS® should be dismissed for lack of standing.

[4] 2016 WL 4548382 (W.D.Mich. 2016).

1   claimed to be "promissory notes" to Capital One to pay off debts he accrued on his

2   credit card account.  Id. at *1.  The plaintiff believed that by sending those

3   documents, he made payments with "actual Dollars" and "Federal Reserve Notes".

4   Id. at *2.  When Capital One refused to accept the plaintiff's payments, the plaintiff

5   filed a lawsuit alleging that he was forced into slavery and was "relegated to a status

6   of peonage." Id. at *1.  The Marvin court dismissed the plaintiff's claims because

7   such claims are "nonsense" and "frivolous." Id. at * 4.

8       Accordingly, there is no dispute as to the value of the "Documents" or

9   "Parcels".  Plaintiff failed to state a claim because his claims are premised on a

10  theory without basis in law and which has been wholly rejected by the courts.

11      **C.    It Is Plaintiff's Burden to Plead Viable Causes of Action Against**

12      **American Express**

13      Plaintiff admits that there are no civil, private rights of action for his claims

14  under sections 1956, 2314, 1348, 1581, 1583, 1584 of the United States Code, Title

15  18.  (Opposition at 8-18.)  However, in his Opposition, Plaintiff now asks this Court

16  to find related civil causes of action that he can pursue against American Express.

17  (Id.)  This is inappropriate.

18      Under the Federal Rules of Civil Procedure, it is a "plaintiff's obligation to

19  provide the 'grounds' of his 'entitlement to relief' [. . . .]" Bell Atl. Corp. v.

20  Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted).  While pro se

21  plaintiffs are "held to less stringent standards than formal pleadings drafted by

22  lawyers," "the liberal construction does not require the Court to conjure up unpled

23  allegations" nor "rewrite a complaint to include claims that were never presented."

24  Marvin v. Capital One, 1:15-CV-1310, 2016 WL 4548382, at *3 (W.D.Mich. 2016)

25  (citing to Dietz v. Sanders, 100 F. App'x 334, 338 (6th Cir. 2004) and Rogers v.

26  Detroit Police Dep't, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009)) (internal

27  quotations omitted).  As such, Plaintiff cannot ask this Court to rewrite his Complaint

28

to include civil causes of action he never pled or to ask this judiciary to act as his legal counsel.  Accordingly, the Court should reject Plaintiff's request and dismiss those claims in their entirety.

## CONCLUSION

WHEREFORE, American Express respectfully requests this Court to enter an order: (i) granting American Express's motion to dismiss; (ii) dismissing Plaintiff's claims against American Express; (iii) awarding American Express its costs and fees incurred in having to defend this action; and (iv) granting any other relief this Court deems necessary or appropriate.

Respectfully submitted,

DATE:  April 29, 2024

By:     /s/  Brianna M. Bauer
        STEPHEN J. NEWMAN
        BRIANNA M. BAUER
        **STEPTOE LLP**
        2029 Century Park East, 18th Floor
        Los Angeles, California 90067-3086
        Telephone:  (213) 439-9400
        Facsimile:  (213) 439-9598
        snewman@steptoe.com
        bbauer@steptoe.com
        docketing@steptoe.com

        Attorneys for Defendant
        AMERICAN EXPRESS
        COMPANY and AMERICAN
        EXPRESS KABBAGE, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2024, a copy of the foregoing **AMERICAN EXPRESS'S REPLY IN SUPPORT OF MOTION TO DISMISS** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ Brianna M. Bauer*

CERTIFICATE OF SERVICE
Case No. 2:24-CV-01631-MWF-PVC