Stephen J. Newman (SBN 181570)
*snewman@steptoe.com*
Brianna M. Bauer (SBN 348309*)*
*bbauer@steptoe.com*
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400/Facsimile: (213) 439-9598
Email: *docketing@steptoe.com*

Attorneys for Defendant
  AMERICAN EXPRESS COMPANY and AMERICAN
  EXPRESS KABBAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS,<br><br>   Plaintiff,<br><br>   vs.<br><br>AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC, <br><br>   Defendants. | Case No. 2:24-CV-01631-MWF-PVCx<br><br>[Assigned to the Hon. Michael W. Fitzgerald]<br><br>**AMERICAN EXPRESS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants American Express Company and American Express Kabbage, Inc. (collectively "American Express") hereby file their Response in Opposition to Plaintiff's Motion to Strike Defendants Motion to Dismiss.

### I. INTRODUCTION

Plaintiff seeks an order from this Court to strike American Express's Motion to Dismiss for failure to comply with Local Rules 7-3, 7-5, and 7-6.[1] (ECF No. 22.) Plaintiff's arguments are meritless. Plaintiff is incorrect that American Express should have provided evidence in support of its Motion to Dismiss under Local Rules 7-5 and 7-6. The Court's consideration of a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is strictly limited to the four-corners of the complaint and any documents attached thereto. American Express is not permitted to submit evidence in support of its Motion to Dismiss.

Moreover, American Express has requested relief from the Local Rule 7-3's conferral requirement [ECF No. 20] ("Motion for Relief") since Plaintiff brings his claims in bad faith, and American Express's attempts to confer with Plaintiff have been fruitless.[2] Plaintiff also was not prejudiced by the lack of conferral for the Motion to Dismiss, nor does Plaintiff claim that he was prejudiced.

Accordingly, American Express respectfully requests that this Court deny Plaintiff's Motion to Strike.

///
///

---

[1] Plaintiff additionally claims that American Express impliedly consented to denial of its Motion to Dismiss under Local Rule 7-12. (ECF No. 22 at 6.) However, Plaintiff's argument is illogical. American Express has at no point consented to denial to its Motion to Dismiss.

[2] American Express incorporates by reference herein all arguments made in its Motion for Relief.

## II. ARGUMENT

### A. Local Rules 7-5 and 7-6 Are Not Applicable to American Express's Motion to Dismiss

Plaintiff argues that American Express's Motion should be stricken for failure to comply with Local Rules 7-5 and 7-6 by in not submitting evidence in support of its Motion to Dismiss. (ECF No. 16 at 1 ¶ 2.) However, Plaintiff is simply incorrect.

A court may only consider the four corners of a plaintiff's complaint when assessing whether the plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Here, American Express was not required to (nor permitted to) comply with Local Rules 7-5 and 7-6 because this Court cannot consider such evidence in support of a motion to dismiss. Thus, American Express requests this Court to deny Plaintiff's Motion to Strike under Local Rules 7-5 and 7-6.

### B. American Express Requested Relief from Local Rule 7-3

Plaintiff also brings his Motion to Strike on the grounds that American Express failed to comply with Local Rule 7-3's conferral requirement. (ECF No. 22 at 2, 5-6.) On April 19, 2024, American Express filed a Motion for Relief from Local Rule 7-3 ("Motion for Relief"). (ECF No. 20.) In the Motion for Relief, American Express sought relief from the conferral requirement because: (i) Plaintiff is running a debt-elimination scam in filing this lawsuit (among others); and (ii) Plaintiff's bad faith claims preclude the parties from achieving the purpose of Local Rule 7-3. (ECF No. 20 at 1, 6-8.)

Moreover, Plaintiff was not prejudiced by the lack of conferral since the Court provided an accommodating briefing schedule in permitting Plaintiff additional time to respond to the Motion to Dismiss. (Id. at 8-9.) Indeed, Plaintiff does not even claim that he was prejudiced by the lack of conferral. (See ECF No. 22 at 1-2.) As

such, American Express requests that this Court deny Plaintiff's Motion to Strike under Local Rule 7-3.

## CONCLUSION

WHEREFORE, American Express respectfully requests this Court to enter an order denying Plaintiff's Motion to Strike.

Respectfully submitted,

DATED: April 29, 2024

By: /s/ Brianna M. Bauer
STEPHEN J. NEWMAN
BRIANNA M. BAUER
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400
Facsimile: (213) 439-9598
snewman@steptoe.com
bbauer@steptoe.com
docketing@steptoe.com

Attorneys for Defendant
AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS KABBAGE, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, a copy of the foregoing **AMERICAN EXPRESS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                          */s/ Brianna M. Bauer*