UNITED STATES DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA
WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY;<br>AMERICAN EXPRESS KABBAGE<br>INC.<br><br>    Defendants. | **Honorable Judge Michael W. Fitzgerald**<br>**Magistrate Judge Pedro V. Castillo**<br><br>**PLAINTIFF'S REPLY TO AMERICAN EXPRESS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

## INTRODUCTION

COMES NOW, BRANDON JOE WILLIAMS®, by and through, Brandon Joe Williams, Agent, Pro Se, pursuant to Local Rule 7-10, and replies to the *Defendants' Response in Opposition to Plaintiff's Motion to Strike*. This reply challenges the assertions made by Defendants American Express Company and American Express Kabbage, Inc. and seeks to clarify the substantive legal issues misrepresented by the Defendants. The arguments set forth by the Defendants are not only unsubstantiated but seemingly intended to mislead this Honorable Court. Plaintiff will address each of these points systematically, demonstrating the necessity for this Court to consider the merits of the *Motion to Strike* based on legal precedents and requirements for a fair and just process.

1. **Unsubstantiated Dismissal of Plaintiff's Arguments**: Defendants have dismissed Plaintiff's arguments as "meritless" without providing any substantive evidence or legal justification for such a claim. In accordance with the principles set forth in ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 556 (2007), it is required that a claim be dismissed only when it is apparent that no relief could be granted under any set of facts that could be proven consistent with the allegations. Defendants' failure to substantiate their dismissal with evidence renders their assertions procedurally inadequate.

2. **Misleading the Court:** Plaintiff believes that the Defendants' unsupported declarations are an attempt to mislead the Court rather than address the legal arguments presented seriously. This practice is contrary to the judicial standards upheld in ***Haines v. Kerner***, 404 U.S. 519, 520-521 (1972), which dictate that even the ["inartfully pleaded"] pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers.

3. **Requirement for Evidence in Motion to Dismiss:** Defendants assert that their *Motion to Dismiss* does not necessitate the submission of evidence. However, as clarified in ***Trinsey v. Pagliaro***, 229 F. Supp. 647 (E.D. Pa. 1964), a motion to dismiss requires factual grounding through evidence or affidavits, not merely the assertions of counsel in their briefs. This legal precedent underscores the necessity for factual substantiation in motions seeking dispositive outcomes.

4. **Bad Faith Allegations Without Proof:** Defendants allege Plaintiff's claims are brought in "bad faith", yet they provide no evidence supporting such serious accusations. Legal standards require that accusations of bad faith be substantiated by clear evidence of such conduct. The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), emphasized that a claim for relief requires more than mere labels and conclusions; specifics are indeed necessary.

5. **Lack of Conferral:** Lastly, Defendants claim there have been no fruitful attempts to confer with Plaintiff regarding the motion, without showing any genuine attempt to engage with the Plaintiff prior to their filing. Local Rule 7-3 underscores the necessity of conferral attempts before seeking judicial intervention, which Defendants have neglected to document or substantiate.

## ARGUMENT – REBUTTAL BY PLAINTIFF

A. **Plaintiff's Rebuttal to Defendants assertion that "Local Rules 7-5 and 7-6 Are Not Applicable to American Express's Motion to Dismiss":**

In response to the Defendants' claims regarding the non-necessity of submitting evidence under Local Rules 7-5 and 7-6 for their Motion to Dismiss, Plaintiff, BRANDON JOE WILLIAMS®, Pro Se, respectfully contests this assertion and presents the following arguments to support the requirement for more than just the bare pleadings in a Motion to Dismiss, especially when such motions decisively affect the outcome of a case.

Defendants reference the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the Court's review is limited to the "four corners" of the complaint, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While it is true that *Iqbal*

establishes the necessity for a complaint to state a claim to relief that is plausible on its face, it does not preclude the need for contextual evidence when allegations of procedural non-compliance with local rules are at stake. The Defendants' blanket statement that evidence is not required under Rule 12(b)(6) motions misinterprets the nuanced demands of procedural compliance and the substantive law.

**Points of Contention:**

1. **Misinterpretation of Local Rules:** Defendants argue that Local Rules 7-5 and 7-6, which typically govern the provision of evidence in motions, are irrelevant in the context of a Rule 12(b)(6) motion. However, when a party alleges procedural failures such as non-compliance with these rules, the context may necessitate considering whether the motion itself adheres to the broader procedural requirements, which could include scrutinizing the basis for claims of compliance or non-compliance.

2. **Evidence in Procedural Contexts:** While Rule 12(b)(6) focuses on the complaint, the procedural posture of a case, including motions to strike for non-compliance with local rules, may legitimately require evidence to substantiate claims of compliance or highlight disputes. In *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964), the court noted that, "statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." This precedent emphasizes the necessity of evidentiary support beyond mere legal arguments, suggesting that a claim of procedural non-compliance might well merit consideration of additional evidence to properly resolve disputes overrule adherence.

3. **Appellate Considerations:** Plaintiff believes that Defendants' assertion—that evidence is categorically unnecessary in the adjudication of a Motion to Dismiss under Rule

12(b)(6)—would not withstand appellate scrutiny. Appellate courts have often considered the broader implications of procedural rulings, particularly when they may set precedents that affect the interpretation and application of local rules. The necessity to ensure that procedural rules are followed to maintain fairness and order in court proceedings underscores the potential for appellate courts to require a more thorough examination of claims like those presented by Defendants.

### B. Plaintiff's Rebuttal to Defendants assertion that "American Express Requested Relief from Local Rule 7-3":

In response to the Defendants' request for relief from Local Rule 7-3 concerning conferral requirements, Plaintiff, BRANDON JOE WILLIAMS®, Pro Se, respectfully contests this request by addressing the misleading claims put forth by Defendants American Express Company and American Express Kabbage, Inc. This reply seeks to highlight the procedural missteps taken by Defendants and to underscore the significant prejudice suffered by Plaintiff due to these procedural non-compliances.

*Arguments Against Defendants' Claims:*

1. **Misrepresentation of Conferral Requirement Compliance and Unsubstantiated Accusations:** Defendants argue that they sought relief from the Local Rule 7-3 conferral requirement due to the alleged nature of Plaintiff's claims and assert that Plaintiff's legal actions are purportedly in "bad faith". However, such a justification does not exempt Defendants from the fundamental procedural requirement of attempting to confer before filing a motion. The mere labeling of a lawsuit as a "debt-elimination scam" does not automatically negate the necessity of following established court procedures. This Court should scrutinize the alleged justification for non-compliance, as skipping procedural

steps based on unproven allegations sets a dangerous precedent. The essence of Local Rule 7-3 is to encourage resolution and reduce litigation costs before judicial resources are utilized, a purpose wholly undermined by Defendants' actions.

Once again, the Defendants have made a very serious accusation that the Plaintiff is running a "debt-elimination scam." Making such an accusation with no evidence or proof of such a scam is completely unacceptable. Plaintiff believes that the Court should immediately compel the Defendants to provide evidence or retract the statement that has now been placed on the public record. It is imperative that such grave allegations are substantiated, especially when they could significantly impact the perception of the Plaintiff's integrity and the legitimacy of his claims.

2. **Claim of No Prejudice is Unfounded:** Defendants' claim that Plaintiff was not prejudiced by the lack of conferral is, in fact, ludicrous. Plaintiff has repeatedly expressed and documented the procedural disadvantages imposed upon him by Defendants' failure to engage in mandatory conferral efforts. This lack of engagement has denied Plaintiff the fair opportunity to resolve or narrow issues without court intervention, directly affecting the procedural fairness owed to him. Contrary to Defendants' assertions, the provision of an "accommodating briefing schedule" does not rectify the inherent procedural prejudice nor does it compensate for the loss of opportunity to discuss and potentially resolve matters out of court.

3. **Legal Precedent and Requirement for Genuine Effort in Conferral:** The importance of adhering to local rules, especially those requiring parties to confer, is well-documented in case law. Courts have consistently held that the failure to earnestly attempt to resolve disputes prior to seeking judicial intervention can itself be grounds for finding procedural

fault. For example, in **Rivera v. NIBCO, Inc.**, 364 F.3d 1057 (9th Cir. 2004), the court emphasized that strict adherence to local rules is essential for the orderly conduct of legal proceedings. The court noted that ignoring such rules can disrupt the judicial process and potentially prejudice any party who is ready to engage in good faith discussions.

**Conclusion:**

Given the above arguments and supported by relevant case law, Plaintiff respectfully requests that this Court not only deny Defendants' request for relief from the conferral requirement under Local Rule 7-3 but also reevaluate the claims made by Defendants regarding their compliance with procedural rules. Plaintiff asserts that the Defendants' failure to confer, coupled with their unfounded claims of non-prejudice, has significantly disadvantaged him in these proceedings. This Court should recognize the procedural and substantive prejudice suffered by Plaintiff due to Defendants' disregard for Local Rule 7-3 and ensure that such disregard does not result in an unjust disadvantage to a pro se litigant earnestly pursuing his rights under the law.

May 1st, 2024                                              RESPECTFULLY SUBMITTED,

                                                          BRANDON JOE WILLIAMS®

                                                          BY: /s/ *Brandon Joe Williams*
                                                          Brandon Joe Williams, Agent, Pro Se
                                                          P.O. Box 1962
                                                          Glendale, California 91209
                                                          brandon@williamsandwilliamslawfirm.com
                                                          (213) 309-7138

## Certificate of Service

Plaintiff certifies that on May 1st, 2024, the foregoing *Plaintiff's Reply to Defendants Response in Opposition* was filed with the Clerk of this Court via ECF.

I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

***Distribution:***

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com