UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

**Case No.** CV 24-1631-MWF (PVCx)            **Date:** July 10, 2024

**Title:** Brandon Joe Williams v. American Express Company, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER RE: DEFENDANTS' MOTIONS TO DISMISS [15] [16]; DEFENDANT'S MOTION FOR RELIEF FROM LOCAL RULE 7-3 [20]; PLAINTIFF'S MOTION TO STRIKE [22]; PLAINTIFF'S MOTION TO AMEND [29]; ENTRY OF JUDGMENT

Before the Court are four related motions:

The first is Defendants American Express Company's and American Express Kabbage, Inc.'s (collectively, "AMEX") Motion to Dismiss, filed on April 3, 2024. (Docket No. 15). AMEX subsequently filed a revised Motion to Dismiss (the "MTD") on April 4, 2024. (Docket No. 16). Plaintiff Brandon Joe Williams filed an Opposition on April 21, 2024. (Docket No. 21). AMEX filed a Reply on April 29, 2024. (Docket No. 26).

The second is AMEX's Motion for Relief from Local Rule 7-3 (the "Motion for Relief"), filed on April 19, 2024. (Docket No. 20). Plaintiff filed an Opposition on April 21, 2024. (Docket No. 23).

The third is Plaintiff's Motion to Strike the Motion to Dismiss (the "MTS"), filed on April 21, 2024. (Docket No. 22). AMEX filed an Opposition on April 29, 2024. (Docket No. 27). Plaintiff filed a Reply on May 1, 2024. (Docket No. 28).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-1631-MWF (PVCx)**  **Date:  July 10, 2024**
Title:  Brandon Joe Williams v. American Express Company, et al.

The fourth is Plaintiff's Motion to Amend Complaint (the "Motion to Amend"), filed on June 14, 2024.  (Docket No. 29).  No opposition or reply was filed.

The motions were noticed to be heard on **May 6 and 20, 2024**.  The Court read and considered the papers on the motions and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearings were therefore **VACATED** and removed from the Court's calendar.

The Court rules as follows:

- The Motion for Relief is **GRANTED** given the lack of substantial prejudice to Plaintiff due to AMEX's alleged failure to comply with the Local Rules.  For the same reason, the MTS is **DENIED**.

- The MTD is **GRANTED** to the extent it seeks dismissal of this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  To the extent AMEX requests the Court to sanction Plaintiff by awarding attorneys' fees, that request is **DENIED**.

- The Motion to Amend is **DENIED** because any amendment would be futile.

**I.    LOCAL RULES**

As an initial matter, Plaintiff requests that the Court strike the MTD for AMEX's failure to comply with Local Rules 7-3, 7-5, 7-6, and 7-12.  (MTS at 3–5).  In response, AMEX argues that any failure to satisfy the meet and confer requirements set forth in Local Rule 7-3 is justified because Plaintiff threatened criminal prosecution during previous attempts to meet and confer.  (Relief Motion at 5–6, 8–9).  AMEX also contends that the remaining Local Rules do not apply to the MTD.  (MTS Opp. at 2–3).

While the Court takes the Local Rules seriously and has previously denied motions for failure to comply, the Court does not believe there was substantial prejudice or that further conferences of counsel would have led to a different outcome.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)           Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

The Court also agrees with AMEX that Local Rules 7-5, 7-6, and 7-12 are inapplicable here. The Court will therefore decide the merits of the MTD given the lack of substantial prejudice to Plaintiff.

Accordingly, the Relief Motion is **GRANTED**, and the MTS is **DENIED**.

## II. BACKGROUND

Plaintiff initiated this action *pro se* on February 26, 2024. (*See* Complaint (Docket No. 1)). While difficult to follow, the Complaint appears to allege that Plaintiff holds a trademark of his own name "BRANDON JOE WILLIAMS®." (*Id.* ¶¶ 13–18). According to Plaintiff, "BRANDON JOE WILLIAMS® "is able to legally create currency because it is a Federal Reserve member bank." (*Id.* ¶ 44).

Plaintiff attempted to pay his debt obligations to AMEX using this ability to "create currency." (*Id.* ¶¶ 10–13, 44). Specifically, in January 2023, Plaintiff attempted to pay off his credit card bills and loans by sending three IRS 1099a forms to AMEX. (*Id.* ¶ 52). Plaintiff followed up in May 2023 with three "parcels," which ordered AMEX's CFO "to apply the positive value of the negotiable instruments on the account to set-off the account and bring it to zero." (*Id.* ¶¶ 57–68). According to Plaintiff, the "order inside the parcels were a payment for US dollars." (*Id.* ¶ 73). AMEX rejected these documents and "parcels" as payment and closed Plaintiff's accounts. (*Id.* ¶ 89).

Based on the foregoing allegations, the Complaint asserts eleven claims for relief: (1) breach of contract; (2) breach of fiduciary duties; (3) violation of the Federal Reserve Act, 12 U.S.C. § 504; (4) laundering of monetary instruments, 18 U.S.C. § 1956; (5) transportation of stolen securities, 18 U.S.C. § 2314; (6) securities and commodities fraud, 18 U.S.C. § 1348; (7) peonage, 18 U.S.C. § 1581; (8) enticement into slavery, 18 U.S.C. § 1583; (9) sale into involuntary servitude, 18 U.S.C. § 1584; (10) forced labor, 18 U.S.C. § 1589; and (11) benefitting financially from peonage, slavery, and trafficking in persons, 18 U.S.C. § 1593A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)             Date: July 10, 2024

Title: Brandon Joe Williams v. American Express Company, et al.

### III. LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### IV. DISCUSSION

#### A. Failure to State a Claim

AMEX contends that each of Plaintiff's claims should be dismissed for failure to state a claim under Rule 12(b)(6). The Court agrees.

The crux of the Complaint is that AMEX violated the law by refusing to accept Plaintiff's attempts to pay his outstanding debts. Based on the Court's review of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 24-1631-MWF (PVCx)**                                 **Date:  July 10, 2024**
**Title:  Brandon Joe Williams v. American Express Company, et al.**

Complaint, this action appears to rely on a "vapor money theory."  As one court explained:

> [T]he "vapor money," "unlawful money" or "redemption" theories of debt . . .  are all, in essence, based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR-192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender."

*Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016) (citing *Green v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015)).  However, courts have uniformly rejected this theory and dismissed similar cases as frivolous.  *See id.* at *5 (collecting cases in which courts have found the vapor money theory "utterly frivolous" and "patently ludicrous"); *Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 758–60 (W.D. Va. 2007), *aff'd* 282 F. App'x 260 (4th Cir. 2008) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable document [based on the redemption theory] is clearly nonsense in every detail. . . . [T]he legal authorities Plaintiff cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper.").

Plaintiff's individual claims fare no better upon closer examination.  With respect to the breach of contract claim, the Complaint fails to identify any specific contract, let alone explain how that contract was breached.  While Plaintiff asserts that AMEX's rejection of the 1099A forms and "parcels" breached "the contract's implied terms of reasonable handling of payment forms," Plaintiff points to no authority in support this proposition.  (Opp. at 4).

Similarly, the Complaint fails to allege that AMEX owed a fiduciary duty to Plaintiff.  Indeed, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1097, 283 Cal. Rptr. 53 (1991) (citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-1631-MWF (PVCx)            Date:  July 10, 2024

Title:  Brandon Joe Williams v. American Express Company, et al.

omitted).  Although Plaintiff contends that AMEX exceeded the scope of its role as a lender by providing advisory services and special assurances, such allegations are entirely absent from the Complaint.  (Opp. at 6).

The Complaint also fails to allege a claim for forced labor in violation of 18 U.S.C. § 1589 or for benefitting financially from peonage, slavery, and trafficking in persons in violation of 18 U.S.C. § 1593A.  As AMEX correctly notes, a refusal "to accept illegitimate forms of payment" does not give rise to such claims.  (*See* MTD at 17–18).

Finally, Plaintiff's remaining claims fail because neither the Federal Reserve Act nor the various federal criminal statutes on which Plaintiff relies authorize a private right of action.  *See Ahamed v. Navy Fed. Credit Union*, No. 23-cv-1726-BAS-BLM, 2024 WL 1361899, at *4 (S.D. Cal. Mar. 29, 2024) (noting that "there is no private right of action for Plaintiff's claim that Defendant violated the Federal Reserve Act"); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (holding that 18 U.S.C. § 1956 does not create a private right of action); *Carvel v. Franchise Stroes Realty Corp.*, No. 08 Civ. 8938(JGK), 2009 WL 4333652, at *11 (S.D.N.Y. 2009) (finding that 18 U.S.C. § 2314 does not provide a private right of action); *Wilson v. Tahbazof*, No. 23-cv-05624-KAW, 2023 WL 9233486, at *2 (N.D. Cal. Dec. 20, 2023) (dismissing action with prejudice because "courts have found no private cause of action under 18 U.S.C. § 1348); *Shetty v. Lewis*, No. 16-CV-03112-BLF, 2016 WL 6462068, at *2 (N.D. Cal. Nov. 1, 2016) (concluding that neither 18 U.S.C. §§ 1584 and 1581 provides a private right of action); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 220 (D. Conn. 2010) ("[I]t is well settled that neither 18 U.S.C. § 242 nor § 1583, both of which are criminal statutes, provide a private right of action.").

Accordingly, the MTD is **GRANTED** with respect to all eleven claims.  To the extent the MTD requests the Court to sanction Plaintiff by awarding attorneys' fees (*see* MTD at 18), that request is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 24-1631-MWF (PVCx)            Date: July 10, 2024
Title: Brandon Joe Williams v. American Express Company, et al.

### B.     Leave to Amend

Plaintiff also seeks leave to amend to add new factual allegations and legal claims against AMEX. (*See* Motion to Amend). According to Plaintiff, the amendments "address issues related to peonage, breach of contract, breach of fiduciary duties, money had and received, fraud, unlawful conversion, and unjust enrichment." (*Id.* at 2).

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend); *Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106, 107 (9th Cir. 2021) (unpublished) (same).

Although the Court generally grants at least one opportunity to amend, it cannot do so here given the plainly frivolous nature of Plaintiff's allegations and reliance on a non-viable legal theory. The Court's view that amendment would be futile is further supported by Plaintiff's Proposed Amended Complaint (Docket No. 29-1), which still relies on a vapor money theory.

Accordingly, the Motion to Amend is **DENIED**. The MTD is therefore **GRANTED** *without leave to amend*, and this action is **DISMISSED**.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-1631-MWF (PVCx)            **Date:** July 10, 2024

Title: Brandon Joe Williams v. American Express Company, et al.

     This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.