UNITED STATES DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA
WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO: **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. <br><br> Defendants. | **Honorable Judge Michael W. Fitzgerald** <br> **Magistrate Judge Pedro V. Castillo** |

## MOTION FOR RECONSIDERATION

**COMES NOW** Plaintiff, BRANDON JOE WILLIAMS®, respectfully submits this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59, seeking reconsideration of the Court's Order dated July 10, 2024, which dismissed Plaintiff's complaint. This motion is based on the grounds that the Court overlooked or misunderstood significant aspects of the Plaintiff's pleadings, specifically regarding the negotiability and indorsements of negotiable instruments under UCC Article 3.

**I. BACKGROUND**

Plaintiff initiated this action pro se on February 26, 2024. The complaint alleges that Plaintiff, as the "represented person" BRANDON JOE WILLIAMS®, and the "fiduciary" Brandon Joe Williams, engaged in lawful financial activities involving negotiable instruments, which were misunderstood by the Defendants and the Court. The complaint detailed numerous

aspects of negotiability and indorsements under UCC Article 3, which were not adequately considered in the Court's Order.

## II. ARGUMENT

### A. The Court Misunderstood the Core of Plaintiff's Complaint

The Court's Order primarily focused on the submission of 1099a forms, which constitutes only about 1% of the overall complaint. The majority of Plaintiff's claims pertain to the negotiability and indorsements of negotiable instruments, which are governed by UCC Article 3. The Plaintiff contends that these crucial aspects were either ignored or misunderstood, leading to an unjust dismissal.

### B. Significant Aspects of UCC Article 3 Were Overlooked

Plaintiff's claims involve detailed explanations of terms such as "negotiability" and "indorsements," which are fundamental to understanding the complaint. The Court's failure to address these terms and their implications indicates a misunderstanding that warrants reconsideration.

### C. Plaintiff Seeks an Opportunity to Clarify Confusions

Plaintiff is prepared to provide comprehensive explanations and evidence to clarify any confusions regarding UCC Article 3. A hearing would allow Plaintiff to present this information effectively, ensuring that the Court fully understands the legal basis of the claims.

### D. Amendment of the Complaint Should Be Allowed

Plaintiff seeks leave to amend the complaint to remove references to the 1099a forms and Title 18 claims, thereby focusing solely on the relevant issues of negotiability and indorsements. This amendment would streamline the complaint and eliminate any irrelevant aspects that may have contributed to the Court's misunderstanding.

### E. Legal Basis for Reconsideration

Reconsideration is appropriate when the Court has committed clear error or the initial decision was manifestly unjust. In ***School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)**, the Ninth Circuit held that reconsideration under Rule 59(e) is justified if there is clear error or manifest injustice. The Plaintiff contends that the Court's dismissal of the complaint constitutes clear error, as it overlooked the primary focus of the pleadings on negotiability and indorsements under UCC Article 3.

### III. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brandon Joe Williams respectfully requests that this Honorable Court:

1. Reconsider the dismissal of Plaintiff's complaint in light of the comprehensive objections presented herein, which clarify the focus on negotiability and indorsements of negotiable instruments, and not on the 1099a submissions or any irrelevant theories about money.

2. Grant a hearing to allow Plaintiff to present a detailed explanation of the relevant provisions of UCC Article 3 and the significant misunderstandings surrounding negotiability and indorsements, which are central to the Plaintiff's claims.

3. Allow Plaintiff to amend the complaint to remove any references to the 1099a forms and Title 18 claims, thereby streamlining the complaint to focus solely on the issues of negotiability and indorsements under UCC Article 3.

4. Recognize that Plaintiff's claims are not frivolous and are grounded in established legal principles governing negotiable instruments, which warrant full consideration and adjudication by this Court.

5. Provide any further relief that this Court deems just and proper to ensure that Plaintiff's claims are fully heard and fairly adjudicated, including but not limited to, compensation for any damages incurred due to the wrongful dismissal and unjust enrichment by AMEX.

July 13, 2024                                          RESPECTFULLY SUBMITTED,

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, Agent, Pro Se
P.O. Box 1962
Glendale, California 91209
brandon@williamsandwilliamslawfirm.com
(213) 309-7138

### Certificate of Service

Plaintiff certifies that on July 13th, 2024, the foregoing *Motion for Reconsideration* was filed with the Clerk of this Court via ECF. I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

Brianna M. Bauer
Steptoe and Johnson LLP
2029 Century Park East, 18th Floor

Los Angeles, CA 90067-3086
213-439-9400
bbauer@steptoe.com