Stephen J. Newman (SBN 181570)
*snewman@steptoe.com*
Brianna M. Bauer (SBN 348309*)*
*bbauer@steptoe.com*
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400/Facsimile: (213) 439-9598
Email: *docketing@steptoe.com*

Attorneys for Defendant
   AMERICAN EXPRESS COMPANY and AMERICAN
    EXPRESS KABBAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS, | Case No. 2:24-CV-01631-MWF-PVCx |
| Plaintiff, | [Assigned to the Hon. Michael W. Fitzgerald] |
| vs. | |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE, INC, | **AMERICAN EXPRESS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| Defendants. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants American Express Company and American Express Kabbage, Inc. (collectively "American Express") hereby file their Response in Opposition to Plaintiff's Motion for Reconsideration. As explained below, Plaintiff's Motion for Reconsideration must be denied.

## I.   BACKROUND INFORMATION

On February 16, 2023, Plaintiff filed a Complaint against American Express. (ECF No. 1.) Plaintiff brought eleven causes of action against American Express in connection with his two American Express credit card accounts, and two Kabbage loan plan accounts (the "Accounts"). (Id.)

Plaintiff's causes of action stem from the theory that he, with his trademark BRANDON JOE WILLIAMS®,[1] sent money to American Express in the form of the "Documents"[2], which he asserts are the equivalent of cash or currency. (Id. ¶¶ 50, 52.) American Express then extended credit to Plaintiff, which Plaintiff believes he already paid for with the Documents. (Id. ¶ 148.) Plaintiff then sent the "Parcels"[3],

---

[1] To the extent that Plaintiff brings his Motion for Reconsideration as a non-human entity, the Court should deny the motion because a non-human entity cannot appear pro se in this Court and must be represented by a member of this Court's bar. See Civil Local Rule 83-2.1.1.1 ("an appearance before the Court on behalf of another person, an organizer, of a class may be made only by members of the Bar of this Court"); Civil Local Rule 83-2.2 ("any person representing himself or herself in a case without an attorney must appear pro se for such purpose. That representation may not be delegated to another person [. . . .]"); Civil Local Rule 83-2.2.2 ("Only individuals may represent themselves as pro se."); see also Merco Constr. Engineers, Inc. v. Mun. Ct., 21 Cal. 3d 724, 729 (1978) (only natural persons may appear pro se); cf. Naruto v. Slater, 888 F.3d 418, 426 (9th Cir. 2018) (monkey lacks standing to sue under the Copyright Act). Mr. Williams (in whatever form he takes) is not a licensed attorney and so may not represent whatever legal entity he thinks is involved in this case, other than himself personally, as a natural person. His apparent theory – that he can create a legal entity separate from himself – dooms his ability to represent such legal entity in any judicial proceedings whatsoever, because he is not a licensed attorney.

[2] "Documents" are three documents Plaintiff purportedly sent to American Express on or around June 2022. Plaintiff defines these three documents as "conditional acceptance[s]", "bill[s] of exchange", "promissory note[s]", "negotiable instrument[s]", "collateral securities", "Federal Reserve Notes", and "blank indorsements." (See e.g. ECF No. 1 ¶¶ 28, 31, 33, 41, 48.)

[3] "Parcels" are three documents Plaintiff purportedly sent to American Express on or around June and July 2023. (ECF No. 1 ¶ 57-67.)

believing that American Express would accept them as payment since the Parcels contain special indorsements. (Id. ¶¶ 57-72.)

On April 3, 2024, American Express filed a Notice of Motion and Motion to Dismiss (the "Motion to Dismiss"). (ECF No. 16.) American Express explained that Plaintiff has not, and cannot, plead a viable cause of action against American Express because it is based on a "vapor money" theory that was firmly rejected in federal court. (ECF No. 16, Section III(B) n. 5.) Crucially, the Motion to Dismiss concerned <u>all documents</u> Plaintiff alleged to have sent American Express in the Complaint, not just the 1099 forms. (Id., Section II at 8-9.)

Additionally, American Express further explained that Plaintiff failed to state a claim under several federal criminal statutes because those statutes do not provide for a civil, private right of action. (Id., Section III(E).) Plaintiff conceded this point in his Opposition to the Motion to Dismiss. (ECF No. 21, Sections IX-XV.)

On June 14, 2024, Plaintiff filed a Notice of Motion and Motion for Leave to Amend Complaint ("Motion to Amend Complaint"). (ECF No. 29.) In doing so, Plaintiff claims that the proposed Amended Complaint "includes new allegations and claims that have arisen based on additional facts and circumstances that have come to light since the original Complaint." (Id. ¶ 1.) However, Plaintiff's Motion to Amend Complaint was nothing more than Plaintiff's attempt to avoid dismissal by repackaging his claims brought under federal criminal statutes as civil causes of action.

On July 10, 2024, the Court correctly issued an order granting American Express's Motion to Dismiss, and denying Plaintiff's Motion to Amend Complaint on futility grounds (the "Order"). (ECF No. 30.)

On July 13, 2024, Plaintiff filed a Motion for Reconsideration of the Order. (ECF No. 31 at 1 ¶ 1, 2-3.) Plaintiff additionally filed objections to the Order in support of his Motion for Reconsideration (the "Objections"). (ECF No. 32.) In

doing so, Plaintiff believes that the Court did not consider his claims concerning the "negotiable instruments" he purportedly sent to American Express. (EC No. 31 at 5, Sections II(A)-(B).)

Specifically, Plaintiff claims that he and his trademark, BRANDON JOE WILLIAMS ®, operate as one entity. (ECF No. 32, Section "General Objections – Paragraph 1" ¶ 1.) Plaintiff (with his trademark) purportedly created an "unconditional promise to pay" every time Plaintiff purchased something using his American Express credit card. (Id. ¶ 6.) Plaintiff believes this "unconditional promise to pay" becomes both a "negotiable instrument" and "blank indorsement" when he signs a receipt following a purchase. (Id. ¶¶ 8, 12.) Plaintiff believes this "negotiable instrument" or "blank indorsement" has monetary value. (ECF No. 32, Section "General Objections – Paragraph 2" ¶ 17) ("We are all 'creating currency' every single time we use our credit cards by producing a brand-spanking new unconditional promise to pay"). Plaintiff also believes American Express acted wrongly by not telling him that these "negotiable instruments" have value or are the equivalent of "US dollars". (Id. ¶¶ 20-21.) By doing so, American Express purportedly "created debt slaves out of everyone". (ECF No. 32, Section "General Objections – Subsection A" ¶ 43.)

Based on the foregoing, it is clear that Plaintiff's claims are nonsensical and without basis in law. No amount of explanation by Plaintiff can make his claims viable. This Court was correct in dismissing Plaintiff's claims against American Express, and denying his Motion to Amend Complaint. As such, and as discussed more fully below, American Express requests this Court to deny Plaintiff's Motion for Reconsideration.

///

///

## II.  ARGUMENT

### A.  This Court Should Deny Plaintiff's Motion for Reconsideration Because Plaintiff's Claims Are Patently Frivolous

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move to amend a judgment within ten days of the filing of the judgment. Fed. R. Civ. P. 59(e).  However, such a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed a clear error, or if there is an intervening change in the controlling law."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (quoting Kona Enterprises, Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989) (court denied motion for reconsideration because plaintiff presented no arguments that had not already been raised).

In the present case, the Court correctly dismissed Plaintiff's claims against American Express because they are patently frivolous, and Plaintiff has presented no new argument as to why his claims are viable.  Plaintiff (with or without his trademark) cannot create currency by making purchases with a credit card.  Plaintiff (with or without his trademark) cannot create currency by signing a receipt following a credit card purchase.  Plaintiff cannot viably claim the documents he purportedly sent to American Express have monetary value, are currency, or are equivalent to "US dollars" just because he believes them to be.  American Express did not violate any law by not accepting his illegitimate forms of payment.  American Express also did not commit any wrong by purportedly failing to tell Plaintiff that he could create currency, which apparently now Plaintiff claims is the true subject of his Complaint. (ECF No. 31, Sections II(A)-(C).)

Plaintiff also failed to cite to any case law or statute that supports his frivolous legal theories.  American Express already explained at length that Plaintiff's claims fail because he failed to allege that he sent legitimate forms of payment to American

Express to pay his debt on the Accounts. (ECF No. 16, Section III(B); ECF No. 26, Section II(B).) Moreover, the Uniform Commercial Code does not support Plaintiff's claims. Plaintiff simply misconstrues UCC provisions that define negotiable instruments in connection with commercial transactions. Nowhere does the UCC support Plaintiff's contention that he (with or without his trademark) can create currency.

Accordingly, American Express requests that this Court deny Plaintiff's Motion for Reconsideration.

## CONCLUSION

Based on the foregoing, American Express respectfully requests this Court to deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

DATED: July 22, 2024

By: */s/ Stephen J. Newman*
STEPHEN J. NEWMAN
BRIANNA M. BAUER
**STEPTOE LLP**
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Telephone: (213) 439-9400
Facsimile: (213) 439-9598
snewman@steptoe.com
bbauer@steptoe.com
docketing@steptoe.com

Attorneys for Defendant
AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS KABBAGE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, a copy of the foregoing **AMERICAN EXPRESS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Stephen J. Newman*
Stephen J. Newman