**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT of CALIFORNIA**
**WESTERN DIVISION (LOS ANGELES)**

CIVIL ACTION NO:  **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, | |
| Plaintiff, | |
| v. | **Honorable Judge Michael W. Fitzgerald** |
| | **Magistrate Judge Pedro V. Castillo** |
| AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. | |
| Defendants. | |

**OBJECTION TO THE COURT'S ORDER DATED JULY 10 and August 2, 2024**

COMES NOW Plaintiff BRANDON JOE WILLIAMS®, by and through Brandon Joe Williams, pro se, and hereby submits these Objections to the Court's Order(s) dated July 10 and August 2, 2024, which granted Defendants American Express Company and American Express Kabbage, Inc.'s Motion to Dismiss Plaintiff's Complaint without leave to amend and Denied Plaintiff's Motion for Reconsideration. Plaintiff respectfully asserts that the Court's decision was predicated on erroneous interpretations of the legal standards applicable to the claims presented, as well as a misapprehension of the factual allegations set forth in the Complaint. Specifically, Plaintiff contends that the dismissal was improper given the viable legal theories and factual basis that, if properly considered, substantiate the claims for relief sought. Therefore, Plaintiff objects to the Order on the following grounds:

**Objection 1: Violation of Local Rule 7-3**

Local Rule 7-3 states: "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion."

In this case, there was no meet and confer as required by Local Rule 7-3 prior to the filing of Defendants' Motion to Dismiss. This procedural misstep is significant and cannot be overlooked. The judge's decision to relieve the Defendants from compliance with this specific rule is beyond the Court's discretion and undermines the procedural fairness that Local Rule 7-3 is designed to ensure.

I have consistently sought live communication with the Defendants to discuss and potentially resolve issues related to my original complaint, including those pertaining to negotiable instruments, negotiation, indorsements, and UCC Article 3. The lack of a meet and confer deprived me of the opportunity to address and clarify these substantive issues, potentially averting the need for the present motion. Therefore, the failure to adhere to Local Rule 7-3 represents a procedural error that prejudiced my ability to fairly present my case.

**Objection 2: Lack of Signatures on Orders**

The orders issued by the Court on July 10, 2024, and August 2, 2024, lack the necessary judicial signatures, raising serious concerns about their legitimacy and validity. Without the appropriate signatures, these orders are void and should not have any binding legal effect. This

omission suggests a simulated legal process rather than a legitimate court order, thereby infringing upon my rights to a fair judicial proceeding.

The absence of judicial signatures on these orders means that my case was improperly dismissed and should never have been closed. A signed order is a fundamental requirement to validate the court's decisions and actions. Without such authentication, the orders lack the requisite legal authority, and my case remains unresolved.

Given these procedural deficiencies, the orders should be deemed invalid, and the dismissal of my case should be reversed. The proper judicial process must be followed to ensure the fair and just handling of my complaint.

**Objection 3: Abuse of Discretion and Simulated Legal Process**

In the orders dated July 10, 2024, the Court states: "While the Court takes the Local Rules seriously and has previously denied motions for failure to comply…" This statement is both disingenuous and indicative of an abuse of discretion. The inclusion of this language appears to be a superficial attempt to justify the Court's deviation from its established practices, undermining the integrity of the judicial process.

The assertion that the Court normally adheres strictly to Local Rules but made an exception in this instance raises serious concerns. It implies an arbitrary application of the rules, further compounded by the lack of signatures on the orders, which questions the authenticity of the judicial process being conducted. Without proper judicial signatures, it remains unclear who is responsible for these decisions, leading to a perception of a simulated legal process rather than a legitimate court proceeding.

I initiated this legal process by tendering $405 in Federal Reserve Notes, representing unconditional promises to pay. This payment underscores my expectation of a fair and legitimate judicial process. Instead, I have been met with procedural irregularities and a complete disregard for my right to have my case heard. The Court's actions, or lack thereof, suggest a deliberate effort to dismiss my case without proper consideration or due process.

Had I known that my case would be dismissed without genuine judicial oversight or a fair hearing, I would not have invested my time, negotiable instruments, and effort into this process. The Court's handling of this matter is not only ridiculous but also a blatant abuse of discretion that warrants immediate rectification.

**Objection 4: Denial of Opportunity to Clarify and Address UCC Article 3**

In the July 10, 2024 orders, the Court states: "While difficult to follow…" This characterization of my complaint as "difficult to follow" raises a significant issue regarding my right to a fair hearing. If my claims are indeed perceived as difficult to understand, the appropriate judicial response should be to provide a hearing or an opportunity for clarification rather than summarily dismissing my case.

The core of my arguments is grounded in UCC Article 3, which governs negotiable instruments. The absence of any substantive discussion or consideration of UCC Article 3 by both the defense and the judge suggests either an avoidance of the topic or a lack of understanding. As a pro se litigant, I am entitled to a fair opportunity to explain and substantiate my claims, especially when they are based on established legal principles.

The Court's refusal to grant a hearing or to engage with the legal issues I have raised deprives me of the chance to clarify my arguments and to ensure that the Court fully understands the basis of my claims. This lack of engagement is particularly troubling given the complexity and importance of UCC Article 3.

Rather than dismissing my case out of hand, the Court should have facilitated a more comprehensive examination of the issues at hand. This would benefit not only my case but also contribute to the broader legal understanding of all parties involved. The dismissal without a proper hearing or discussion is a failure of the judicial process to ensure fairness and due process.

**Objection 5: Misrepresentation of Plaintiff's Actions and Allegations of Conspiracy**

In the orders dated July 10, 2024, the Court states: "Plaintiff attempted to pay his debt obligations to AMEX using this ability to 'create currency.'" This assertion is a gross misrepresentation of my actions and intentions. At no point did I claim the ability to "create currency." My objective has always been to negotiate negotiable instruments through proper endorsements, as outlined in UCC Article 3.

The Court's mischaracterization of my actions as "attempting to create currency" is not only inaccurate but also undermines the credibility of my legitimate legal arguments. This erroneous portrayal suggests a fundamental misunderstanding or deliberate distortion of my case, leading me to question the fairness and impartiality of the judicial process in this matter.

The persistence of such misrepresentations, coupled with the lack of opportunity to clarify my position, has reached a point where I believe there may be a concerted effort to

prevent me from effectively presenting my case. This raises serious concerns about potential bias or a conspiracy against my right to speak and plead my case in a fair and open court.

I have approached this Court with the utmost respect, believing in its honorable commitment to justice. However, the ongoing misrepresentations and procedural irregularities are eroding my patience and trust in this process. I implore the Court to address these concerns transparently and to provide me with a fair opportunity to present my case as per the principles of justice and due process.

**Objection 6: Mischaracterization of Tendered Instrument and Failure to Recognize UCC 3-502**

In the orders dated July 10, 2024, the Court states: "Specifically, in January 2023, Plaintiff attempted to pay off his credit card bills and loans by sending three IRS 1099a forms to AMEX." This statement mischaracterizes my actions. I did not merely "attempt" to pay off my debts; I tendered a negotiable instrument, which was accepted by AMEX and never dishonored, as per UCC 3-502.

According to UCC 3-502, an instrument is considered dishonored if a necessary payment or acceptance is refused. In this case, the instrument I tendered was accepted by AMEX and there was no subsequent dishonor. This crucial detail has been overlooked or misrepresented in the Court's orders. The Court's failure to accurately recognize the nature of my actions under UCC Article 3 undermines the validity of the dismissal.

My actions were in full compliance with the provisions of UCC Article 3, specifically regarding the proper negotiation and handling of negotiable instruments. The Court's

misrepresentation not only distorts the facts but also disregards the legal framework governing my actions.

The failure to acknowledge that the instrument was never dishonored per UCC 3-502 is a significant oversight that affects the entire basis of the Court's decision. It is essential that the Court accurately reflects the facts and applicable laws in its rulings to ensure a fair and just process.

**Objection 7: Impossibility of Rejection and Application of UCC 3-502 and UCC 3-603(b)**

In the orders dated July 10, 2024, the Court states: "AMEX rejected these documents and 'parcels' as payment and closed Plaintiff's accounts." This statement is both a physical and legal impossibility under the Uniform Commercial Code (UCC). According to UCC 3-502, the only course of action for AMEX, upon receiving a negotiable instrument, would be to dishonor it if it were not acceptable. This process involves explicit refusal or non-acceptance of the instrument as payment, which did not occur in this case.

Since AMEX did not dishonor the negotiable instruments as required by UCC 3-502, UCC 3-603(b) comes into effect. Under UCC 3-603(b), if a tender of payment is made to a person entitled to enforce the instrument and the tender is refused, the obligation of the endorser or accommodation party to pay the instrument is discharged to the extent of the amount of the tender. In this case, since there was no dishonor, the obligations should be considered satisfied according to UCC 3-603(b).

By stating that AMEX rejected the documents and parcels without following the proper legal procedure of dishonor, the Court has ignored the governing provisions of the UCC, which

invalidates the basis for the closure of my accounts. The Court must recognize and apply the appropriate UCC provisions to ensure a fair and just resolution.

**Objection 8: Misrepresentation of the Crux of the Complaint**

In the orders dated July 10, 2024, the Court states: "The crux of the Complaint is that AMEX violated the law by refusing to accept Plaintiff's attempts to pay his outstanding debts." This characterization is entirely untrue and misrepresents the central issue of my Complaint.

The actual crux of the Complaint is that AMEX violated the law by failing to properly dishonor every single instrument that has ever been produced on these accounts, from their inception, as required by UCC 3-502. Under UCC 3-502, an instrument must be dishonored if payment or acceptance is refused or not obtained. AMEX's failure to follow this procedure constitutes a violation of the law.

The Complaint is focused on AMEX's consistent neglect to legally dishonor the negotiable instruments presented, thereby failing to comply with the mandatory provisions of UCC Article 3. This procedural oversight by AMEX has resulted in the unlawful handling of my accounts and the improper dismissal of my legitimate claims.

By inaccurately summarizing the Complaint's primary contention, the Court has overlooked the core legal issue presented. It is imperative that the Court accurately reflects the basis of my Complaint, which centers on the failure to dishonor instruments as per UCC 3-502, to ensure a fair evaluation of my case.

**Objection 9: Misapplication of "Vapor Money Theory" and Lack of Opportunity for Clarification**

In the orders dated July 10, 2024, the Court states: "This action appears to rely on a 'vapor money theory.' As one court explained…" This reference to the "vapor money theory" is a wildly inaccurate and delusional attempt to relate an entirely unrelated case to my pleadings. The cited court case has no relevance to my situation or the substance of my Complaint.

This mischaracterization is akin to comparing a theft case in Michigan to a fraud case in New Zealand—completely unrelated and inappropriate. Such a comparison distracts from the legitimate legal issues I have raised, primarily centered around UCC Article 3 and the proper handling of negotiable instruments.

The lack of judicial signatures on any of the orders further compounds the issue, raising questions about the legitimacy and transparency of the judicial process I am subjected to. It appears as though I am in a surreal scenario where orders are issued by secret officers of the court rather than by an identifiable and accountable judge.

I have repeatedly expressed my willingness to do ABSOLUTELY ANYTHING necessary to clarify my position and assist the Court in understanding the intricacies of UCC Article 3. The persistent refusal to grant me an opportunity to clarify or to hold a proper hearing deprives me of my right to a fair judicial process.

This process, as it stands, resembles a SIMULATED LEGAL PROCESS rather than a legitimate court proceeding. I urge the Court to rectify these procedural deficiencies and provide me with a fair chance to present my case and clarify any misunderstandings.

**Objection 10: Mischaracterization of Legal Theories and Denial of Opportunity to Plead Case**

In the orders dated July 10, 2024, the Court states: "[T]he 'vapor money,' 'unlawful money' or 'redemption' theories of debt...are all, in essence, based on the premise that 'because the United States went off the gold standard in 1933 with the passage of HJR-192, the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.'"

This statement is a gross mischaracterization of my legal theories and has no relevance to my pleadings. I am being unjustly associated with discredited legal theories that have nothing to do with the substance of my Complaint. The issues I have raised are grounded in the proper application of UCC Article 3 concerning negotiable instruments, not in any "vapor money" or "redemption" theory.

The Court's insistence on framing my case within this irrelevant context is an egregious error that undermines my right to a fair hearing. By force-feeding me these unrelated and discredited theories, the Court is not addressing the legitimate legal arguments I have put forth. Instead, it is dismissing my case without giving me the opportunity to plead my case based on the actual merits and relevant legal principles.

This mischaracterization effectively denies me the chance to be heard and to clarify my position. I have been clear in my willingness to do anything necessary to assist the Court in understanding UCC Article 3 and the specifics of my case. The Court's refusal to engage with the actual content of my pleadings and its reliance on unrelated legal theories is a significant procedural flaw that must be rectified.

**Objection 11: Irrelevant Case Law Cited and Misrepresentation of My Case**

In the orders dated July 10, 2024, the Court states: "Marvin v. Capital One, No. 1:15-cv-1310, 2016 WL 4548382, at *4 (W.D. Mich. Aug. 16, 2016) (citing Green v. Pryce, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015)). However, courts have uniformly rejected this theory and dismissed similar cases as frivolous."

The Court's reliance on Marvin v. Capital One and related case law is entirely misplaced and irrelevant to the specifics of my case. The cited cases involve situations that have no connection to the legitimate issues I have raised in my Complaint. My case does not involve "vapor money" or similar theories; it is centered on the proper application and interpretation of UCC Article 3 concerning negotiable instruments.

By equating my case with unrelated and discredited legal theories, the Court has fundamentally misunderstood and misrepresented the nature of my claims. This mischaracterization leads to an unjust dismissal of my case without addressing the substantive legal arguments I have put forth.

My case should be evaluated based on its own merits and the specific legal framework of UCC Article 3, not dismissed by erroneously associating it with unrelated cases. The improper application of irrelevant case law demonstrates a lack of understanding or a deliberate effort to discredit my legitimate claims.

I respectfully request that the Court recognize the distinct nature of my case and provide a fair opportunity to address the actual legal issues involved. This includes reconsidering the dismissal and allowing my case to proceed based on its own merits, rather than being dismissed on the basis of unrelated and legal situations.

**Objection 12: Misunderstanding and Misapplication of UCC 3-104 Regarding Bills of Exchange**

In the orders dated July 10, 2024, the Court states: "See id. at *5 (collecting cases in which courts have found the vapor money theory 'utterly frivolous' and 'patently ludicrous'); Bryant v. Washington Mutual Bank, 524 F. Supp. 2d 753, 758–60 (W.D. Va. 2007), aff'd 282 F. App'x 260 (4th Cir. 2008) ('Plaintiff's claim that her Bill of Exchange is a legitimate negotiable document [based on the redemption theory] is clearly nonsense in every detail. . . . [T]he legal authorities Plaintiff cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper.')."

The Court's reference to cases that dismiss the "vapor money theory" and similar arguments is irrelevant to the specifics of my case. The issue at hand involves the proper interpretation and application of UCC 3-104 regarding negotiable instruments, specifically a bill of exchange.

A bill of exchange is defined under UCC 3-104 as an unconditional order to pay a certain amount of money, and it is considered a legitimate negotiable instrument. The concept is not complex and is clearly outlined in the UCC. My Complaint is grounded in established principles of negotiable instruments law, not in any discredited or frivolous theories.

The Court's mischaracterization and misunderstanding of the nature of a bill of exchange under UCC 3-104 have led to an improper dismissal of my case. The legal framework and facts presented in my Complaint align with the legitimate use and negotiation of such instruments, and they warrant a thorough and fair examination.

By inaccurately equating my case with unrelated legal theories, the Court has failed to address the core issues based on UCC Article 3. I respectfully request that the Court reconsider its dismissal, taking into account the proper legal standards and the clear provisions of UCC 3-104 concerning bills of exchange.

**Objection 13: Misrepresentation and Narrow Focus on Breach of Contract Claim**

In the orders dated July 10, 2024, the Court states: "Plaintiff's individual claims fare no better upon closer examination. With respect to the breach of contract claim, the Complaint fails to identify any specific contract, let alone explain how that contract was breached. While Plaintiff asserts that AMEX's rejection of the 1099A forms and 'parcels' breached 'the contract's implied terms of reasonable handling of payment forms,' Plaintiff points to no authority in support this proposition. (Opp. at 4)."

The Court's narrow focus on a minor aspect of my breach of contract claim while ignoring the broader context and substantive issues raised in my Complaint is both unjust and misleading. This selective examination of my claim fails to address the entirety of my legal arguments and the comprehensive nature of my allegations.

My Complaint outlines multiple claims and legal theories, including but not limited to the improper handling and dishonor of negotiable instruments as per UCC Article 3, which are central to my case. By concentrating on a small fraction of my arguments and dismissing the entire Complaint on that basis, the Court has not provided a fair and balanced assessment of my claims.

The breach of contract claim is supported by the overall context of the contractual relationship and the obligations arising from the acceptance and handling of payment forms. The implied terms of reasonable handling are rooted in the established practices and principles governing negotiable instruments, which the Court has failed to acknowledge adequately.

It is both unreasonable and unjust for the Court to dismiss my claims based on a selective and narrow interpretation of my Complaint. I respectfully request that the Court reconsider its analysis, taking into account the full scope of my allegations and the relevant legal standards.

**Objection 14: Irrelevance of Fiduciary Duty Analysis**

In the orders dated July 10, 2024, the Court states: "Similarly, the Complaint fails to allege that AMEX owed a fiduciary duty to Plaintiff. Indeed, 'as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.' Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1097, 283 Cal. Rptr. 53 (1991)."

The Court's reliance on Nymark v. Heart Fed. Sav. & Loan Ass'n is irrelevant to my case as I am not a "borrower" in the context of a conventional loan transaction, nor is BRANDON JOE WILLIAMS® a borrower. The relationship between myself and AMEX extends beyond the simplistic framework of a borrower-lender dynamic.

My Complaint does not hinge on the conventional loan transaction paradigm but rather on the improper handling and dishonor of negotiable instruments as governed by UCC Article 3. The fiduciary duties at issue arise from the specific conduct and responsibilities associated with

the acceptance, negotiation, and handling of such instruments, which exceed the typical scope of a mere lending relationship.

The application of Nymark in this context is inappropriate and fails to address the unique aspects of my claims. By dismissing the fiduciary duty allegations based on an irrelevant legal standard, the Court has overlooked the substantive issues central to my case.

I respectfully request that the Court reconsider its analysis of fiduciary duty within the correct legal framework and in relation to the specific facts and claims presented in my Complaint.

**Objection 15: Misrepresentation of Lending Relationship**

In the orders dated July 10, 2024, the Court states: "Although Plaintiff contends that AMEX exceeded the scope of its role as a lender by providing advisory services and special assurances, such allegations are entirely absent from the Complaint. (Opp. at 6)."

Factually, AMEX never loaned me or BRANDON JOE WILLIAMS® a single penny. The assertion that there was a conventional lending relationship is fundamentally incorrect. If AMEX claims that they "loaned" me or BRANDON JOE WILLIAMS® money, they must provide proof of such a transaction. AMEX cannot substantiate this claim because no such loan was ever made.

My Complaint does not involve a traditional borrower-lender dynamic but rather issues related to the handling and dishonor of negotiable instruments under UCC Article 3. The Court's reliance on an incorrect understanding of the relationship between myself and AMEX has led to a misinterpretation of my claims.

The burden is on AMEX to prove that a loan was extended to me or BRANDON JOE WILLIAMS®. In the absence of such proof, the Court should not dismiss my claims based on an assumed lending relationship that never existed.

I respectfully request that the Court reconsider its findings, taking into account the factual inaccuracies regarding the alleged loan and focusing on the actual legal issues raised in my Complaint.

**Objection 16: Erroneous Dismissal Based on Mischaracterization of Claims**

In the orders dated July 10, 2024, the Court states: "Although the Court generally grants at least one opportunity to amend, it cannot do so here given the plainly frivolous nature of Plaintiff's allegations and reliance on a non-viable legal theory. The Court's view that amendment would be futile is further supported by Plaintiff's Proposed Amended Complaint (Docket No. 29-1), which still relies on a vapor money theory."

There is literally not a word in this entire docket that has anything to do with "vapor," "money," or "theories." The Court's assertion that my Complaint relies on a "vapor money theory" is a gross misrepresentation of my claims. This erroneous characterization is creating an entirely simulated legal process based on full-blown delusion. The legal issues I have raised are grounded in the proper application of UCC Article 3 concerning negotiable instruments, not in any discredited or frivolous theories.

By mischaracterizing my allegations as frivolous and baseless, the Court is unjustly denying me the opportunity to amend my Complaint. The dismissal based on these unfounded assertions prevents me from having my case fairly heard and evaluated on its actual merits.

The Court's decision to dismiss my Complaint without granting leave to amend is based on a fundamentally incorrect understanding of my claims. This decision disregards the legitimate legal principles I have cited and the substantive issues I have raised.

I respectfully request that the Court reconsider its dismissal, recognizing that the references to "vapor money theory" are entirely irrelevant and unrelated to the content of my pleadings. The Court should allow me the opportunity to amend my Complaint to ensure that my case is fairly and justly considered.

**Objection 17: Concerns About Potential Bias and Request for Transparency**

In the context of the orders dated July 10, 2024, and given the lack of signatures on these orders, I am compelled to question whether these orders are being signed by the actual judge. Upon reviewing the background of the judge, it appears that the judge is openly gay. This raises concerns about potential prejudice against my pleadings and writings.

I do not know what I may have done to warrant such massive and blatant disregard of my case. It brings to mind the discrimination that gay men faced in the 1990s, a time during which many, including myself, may have unwittingly contributed to the problem by laughing and pointing to fit in with the prevailing bigotry. If my past actions or views have prejudiced this court against me, I would like this to be brought to the forefront so that I can address it honestly, clearly, and directly.

I am not affiliated with any political party and do not support either side of the political spectrum. My focus is on fighting for justice for all minorities and individuals striving to

increase their understanding of their environment. This makes the apparent bias and the lack of

engagement with my case even more perplexing and unfair.

It feels like I am fighting shadows, and this lack of transparency and fairness is not only

ridiculous but also unjust. I am seeking justice and require the most basic of direction to achieve

that justice. If there is any reason for the court's treatment of my case, I respectfully request that

it be disclosed so that I can address it appropriately and ensure a fair hearing of my claims.

**Objection 18: Misrepresentation of Claims and Denial of Opportunity to Clarify**

In the orders dated August 2, 2024, the Court states: "Here, Plaintiff fails to meet his

burden of proving that the Court clearly erred in dismissing this action in its Order re:

Defendants' Motions to Dismiss (the 'Dismissal Order'), filed on July 10, 2024. (Docket No.

30). While Plaintiff's filings are largely unintelligible, Plaintiff contends that the Court failed to

consider that '[t]he majority of Plaintiff's claims pertain to the negotiability and indorsements of

negotiable instruments, which are governed by UCC Article 3.' (Motion at 2). But Plaintiff's

citations to the UCC fail to support his view that credit card transactions create currency or

negotiable instruments that can be used to eliminate a person's debt. (Reply at 11–12). Based on

the Court's review, the Motion, at its core, appears to reiterate the same frivolous legal theories

that the Court already considered and rejected in the Dismissal Order."

If my filings are deemed "largely unintelligible," it is imperative that I be given the

opportunity to clarify any aspects that may not be clear. I am more than willing to take any

necessary steps to help the Court understand my situation and pleadings accurately. My filings

and responses have never attempted to "support the view" that credit card transactions create

currency or negotiable instruments that can be used to eliminate a person's debt. It's not what I or the plaintiff "view," but is clearly the operations from UCC Article 3.

An unconditional promise to pay is a negotiable instrument under UCC Article 3. This is not a matter of personal view or perception but a well-established legal principle. There is no need to "support" this with additional views; it is a clear provision of UCC Article 3. My claims pertain to the proper handling, negotiation, and dishonor of such instruments, and the Court's misinterpretation of these claims as frivolous legal theories is unjustified.

By focusing on an inaccurate representation of my arguments, the Court has failed to address the actual substance of my claims. I respectfully request the opportunity to clarify any misunderstood aspects of my pleadings and to ensure that the Court fully comprehends the legal basis of my case, grounded in UCC Article 3.

## The following items will be in regard to the Guide to Judiciary Policy, Vol 2: Ethics and Judicial Conduct:
### Objection 19: Violation of Judicial Canon and Erosion of Public Confidence

Regarding Canon 2: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities (A) Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

I feel as though all my confidence that I will be heard and listened to has been obliterated. As a brand-new pro se litigant, I have done nothing to deserve being completely ignored and not allowed a hearing or any kind of motion in my case. The Court's actions have significantly undermined my faith in the judicial process.

I have repeatedly sought the Court's guidance and direction to present my case effectively, yet I have been equated to unrelated legal theories and my legitimate claims have been dismissed without proper consideration. This treatment is contrary to the principles outlined in Canon 2, which mandates that judges act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

The Court's refusal to grant me a hearing or any meaningful opportunity to clarify my pleadings and responses has left me feeling disregarded and unjustly treated. My claims are grounded in established legal principles, specifically UCC Article 3, and deserve a fair hearing. Instead, I have been swept aside based on a misinterpretation and mischaracterization of my case.

I respectfully request that the Court reconsider its approach to my case, providing the necessary direction and an opportunity for me to be heard. Upholding the standards of Canon 2 is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 20: Addressing Potential Prejudice**

There must be something that has prejudiced me from achieving a response and hearing from this court. I insist that this prejudice be placed into the open to be handled and addressed like adults. As a pro se litigant, I deserve the opportunity to understand and address any factors that may be influencing the Court's decisions in my case.

The lack of response and hearing has left me feeling disregarded and unfairly treated. I am more than willing to address and handle any aspect that may be prejudicing the judge in this

case. It is imperative for the integrity of the judicial process that any potential biases or prejudices be openly acknowledged and addressed.

Transparency and fairness are essential to ensuring that justice is served. I respectfully request that the Court disclose any reasons for the apparent prejudice against my case so that I can respond appropriately and work towards a fair resolution. Addressing these concerns openly will allow us to move forward constructively and ensure that my case is evaluated on its true merits.

**Objection 21: Violation of Canon 2A and Erosion of Public Confidence**

Canon 2A states: "Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges." The treatment I have received in this case exemplifies the very conduct that Canon 2A warns against. My sincere effort to have my case heard has been met with mischaracterization, dismissal, and a comparison to irrelevant legal theories, rather than a fair evaluation of my claims.

I simply wanted to be heard, not compared to an entirely irrelevant idea and then ignored. The Court's handling of my case, including the refusal to grant a hearing or to provide direction, has significantly undermined my confidence in the judicial process. This conduct is irresponsible and improper, contributing to the erosion of public trust in the judiciary.

As a pro se litigant, I have sought justice and clarity from this Court. Instead, I have been dismissed without the opportunity to clarify my pleadings or to present my case fully. This treatment is not only unfair but also contrary to the principles of integrity and impartiality that Canon 2A seeks to uphold.

I respectfully request that the Court reconsider its approach to my case, ensuring that I am given a fair opportunity to be heard and that my claims are evaluated on their true merits. Upholding the standards of Canon 2A is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 22: Addressing Potential Perceptions of Impartiality Under Canon 2C**

Canon 2C states: "Membership of a judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired." In Title 8, the definition of "organization" is in subsection (a)(28): "The term 'organization' means, but is not limited to, an organization, corporation, company, partnership, association, trust, foundation or fund; and includes a group of persons, whether or not incorporated, permanently or temporarily associated together with joint action on any subject or subjects."

I want to clarify that I hold no prejudice against any aspect of the judge, including being openly gay or any other characteristic. These aspects have absolutely nothing to do with my pleadings or responses. If there is any perception that my conduct or postings online have prejudiced this court, I wish to make it clear that much of what I post is intended as satire and humor. I am not homophobic or biased against any group that would cause this court to act with prejudice towards my case.

I come in peace, seeking relief from peonage and striving for justice. If there are any factors that have led the Court to perceive bias in my pleadings or responses, I insist that these be brought to the forefront so they can be directly addressed. It is crucial that any potential biases or misinterpretations are openly discussed to ensure a fair and impartial judicial process.

I am committed to addressing any concerns or misunderstandings that may have arisen and ensuring that my case is evaluated based on its merits, free from any form of prejudice. Upholding the standards of Canon 2C is essential for maintaining public confidence in the judiciary and ensuring that justice is served impartially.

**Objection 23: Violation of Canon 3 and Experience of Prejudice**

Under Canon 3, it is stated: "The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased."

I am experiencing clear prejudice in the handling of my case. I am being compared to unrelated legal theories and practices, and my legitimate claims are being dismissed without proper consideration or reasoning. This treatment is silencing my voice and denying me the fair opportunity to present my case.

The judge's duties require them to perform their role with respect for all parties involved and to avoid behavior that is prejudiced or biased. However, the Court's actions in this case suggest a lack of impartiality and fairness. My attempts to clarify and explain my position have been ignored, and my pleadings have been mischaracterized, leading to an unjust dismissal.

The Court's behavior is contrary to the principles outlined in Canon 3, which mandate respect and impartiality in judicial conduct. I am entitled to a fair hearing and the opportunity to address any misunderstandings or mischaracterizations of my claims.

I respectfully request that the Court reconsider its approach, ensuring that my case is evaluated on its actual merits and that I am provided with a fair opportunity to be heard.

Upholding the standards of Canon 3 is essential for maintaining the integrity of the judicial process and ensuring that justice is served impartially.

**Objection 24: Addressing Assumptions and Ensuring Fair Treatment Under Canon 3(1)**

Under Canon 3, it is stated: "(1) A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism."

There may be an assumption that I am a "sovereign citizen," but I want to make it unequivocally clear that I am not. This assumption appears to be influencing the Court's treatment of my case, similar to the prejudice that gay men faced in the 90s. The judge presiding over this case has had a long and distinguished career, having been posted in 2011 and serving in various capacities, including as an assistant U.S. attorney, since the 80s. However, it is crucial that past frustrations or biases are not projected onto me.

I am not a "citizen" of any nation on Earth and have not done anything to deserve being treated with disdain or ignored. The principles outlined in Canon 3(1) require the judge to maintain professional competence in the law and to be unswayed by partisan interests, public clamor, or fear of criticism. My case deserves to be heard based on its own merits, free from any prejudicial assumptions.

I want to be heard, no different than anyone else struggling to have their voice acknowledged in the judicial system. If there are any past frustrations or personal issues influencing the Court's treatment of my case, this is not only inappropriate but also a violation of the principles of fairness and impartiality that are foundational to the judicial process.

I respectfully request that the Court recognize and address any assumptions or biases that may be affecting the fair consideration of my case. I seek the same opportunity to present my claims and be heard as any other litigant, in accordance with the standards of professional competence and impartiality mandated by Canon 3(1).

**Objection 25: Violation of Canon 3(3) and Misinterpretation of Submissions**

Under Canon 3, it is stated: "(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process."

Throughout my submissions, I have not been belligerent or ridiculous. I have conducted myself with respect and courtesy, adhering to the expectations outlined in Canon 3(3). Despite this, my attempts to bring forward legitimate concerns have been misinterpreted and dismissed without proper consideration.

There appears to be a misunderstanding regarding my mention of criminal proceedings. It was perceived that I had "threatened" the defense with criminal action. However, my reference to criminal aspects pertains to the legal definition and implications of peonage, which is indeed a criminal matter under 18 U.S.C. § 4. My responsibility is to report and make known criminal acts, and peonage qualifies as such a criminal act.

I do not apologize for attempting to follow the law and reporting what I believe to be criminal conduct. My intent was to highlight the seriousness of the issues at hand, not to be

disrespectful or threatening. It is essential that the Court recognizes the distinction and treats my concerns with the dignity and respect mandated by Canon 3(3).

I respectfully request that the Court exercise patience and courtesy in reconsidering my case. My goal is to achieve justice and ensure that my claims are heard and evaluated fairly, in accordance with the principles of respectful and dignified judicial conduct.

**Objection 26: Violation of Canon 3(4) and Denial of Right to Be Heard**

Under Canon 3, it is stated: "(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law."

I do not feel heard AT ALL — NOT ONE BIT. Despite my efforts to present my case and clarify my legal arguments, I have been met with dismissal and mischaracterization of my claims. This experience contradicts the mandate of Canon 3(4), which requires that every person with a legal interest in a proceeding be given the full right to be heard according to law.

The Court's actions have denied me the fundamental right to present my case and have my arguments considered on their merits. My pleadings and responses have been disregarded without the opportunity for a proper hearing or meaningful engagement. This treatment undermines the principles of fairness and justice that are central to the judicial process.

I respectfully request that the Court reconsider its approach and grant me the full right to be heard, as stipulated by Canon 3(4). Ensuring that my case is evaluated based on its true merits and that I am given a fair opportunity to present my claims is essential for upholding the integrity of the judicial process.

**Objection 27: Lack of Civility and Respect in Judicial Conduct**

Under Canon 3, it is stated: "(4) A judge should practice civility, by being patient, dignified, respectful, and courteous, in dealings with court personnel, including chambers staff."

I do not feel as though I have experienced a "patient, dignified, respectful, and courteous" judge in my dealings with this Court. My interactions and submissions have not been met with the civility and respect that Canon 3(4) mandates. Instead, I have faced dismissiveness and a lack of meaningful engagement with my legal arguments.

As a pro se litigant, I seek nothing more than to be treated with the civility and respect that every person involved in a judicial proceeding deserves. This includes being given the opportunity to present my case fully and having my claims considered fairly and respectfully.

I respectfully request that the Court practice the civility outlined in Canon 3(4) and provide a patient, dignified, respectful, and courteous consideration of my case. This approach is essential for ensuring that justice is served and that all parties feel heard and valued in the judicial process.

**Objection 28: Potential Bias and the Need for Judicial Disqualification**

Under Canon 3, it is stated: "(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

It appears as though I am experiencing massive prejudice in the handling of my case. This prejudice may stem from the judge's personal experiences or preconceived notions. For

example, the judge might have past negative experiences with individuals labeled as "sovereign citizens," or there may be unresolved issues related to the judge's struggles as a gay man. These factors could be influencing the judge's treatment of my case, leading to an unfair and biased process.

If the judge harbors any personal bias or prejudice, whether due to past experiences or any other reason, it is imperative that these issues be acknowledged and addressed. The idea that someone could be silenced under prejudice is entirely unacceptable. Everyone deserves the right to be heard, and no one should be denied this fundamental right due to personal biases or past experiences.

I acknowledge that I, too, have been guilty of prejudice in the past, but we must move forward and allow ourselves to forgive and listen to one another. The decline in listening and connecting with each other, particularly since Covid, is detrimental to our society. In order to have a better and more orderly world, we need to engage in more verbal intercourse and truly listen to each other.

I respectfully request that if there is any potential bias or prejudice affecting the judge's impartiality in my case, the judge should disqualify himself or herself to ensure a fair and just process. It is essential that my case be heard without prejudice, and I be given a fair opportunity to present my claims.

**Objection 29: Potential Prior Involvement and Mislabeling as a "Sovereign Citizen"**

Under Canon 3, it is stated: "(e) the judge has served in governmental employment and in that capacity participated as a judge (in a previous judicial position), counsel, advisor, or material

witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy."

It is very realistic that the situation I am facing involves preconceived notions or prior involvement by the judge that are influencing the handling of my case. Am I simply being viewed as a delusional "sovereign citizen" by this court and judge? This is not who I am. I am a noncitizen national of the United States in accordance with 8 U.S.C. § 1101(a)(22)(B).

If the judge has previously participated in any capacity related to cases involving so-called "sovereign citizens" or has expressed opinions about such cases, it could be affecting the impartiality required to fairly adjudicate my case. It is crucial that my case be judged on its own merits and not be influenced by stereotypes or past experiences that do not apply to me.

The mislabeling and misunderstanding of my legal status and arguments are leading to a denial of my right to a fair hearing. It is essential that the Court recognize and correct any biases that may stem from prior involvement or preconceived notions about "sovereign citizens."

I respectfully request that the judge consider disqualifying himself or herself if there is any potential for bias due to past governmental employment or previous opinions expressed about similar cases. My status and arguments should be evaluated based on the specific facts and laws pertinent to my case, free from any undue prejudice or bias.

**Objection 30: Desire for Understanding and Fair Hearing Under Canon 3A(3)**

Under Canon 3A(3), it is stated: "The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Courts can be efficient and businesslike while being patient and deliberate."

I understand that my "kind" may be considered annoying by the court. However, I assure you that I sincerely want to understand the legal proceedings and ensure my case is heard fairly. I spend countless hours in front of a phone or computer screen studying statutes and trying to clarify the definitions of words. I am not an individual attempting to exact revenge; I am simply seeking an avenue to be heard and to understand the legal principles involved in my case.

My intentions are genuine, and my primary goal is to gain a meaningful understanding of the legal issues and processes. If given the chance to understand everything in my pleadings in a meaningful way, I would forgo any "monetary" compensation, such as unconditional promises and orders to pay. My focus is on achieving clarity and understanding, not on accumulating negotiable instruments.

The Court's duty to hear all proceedings fairly and with patience is crucial for ensuring justice. I respectfully request that the Court exercise patience and provide me with the opportunity to understand and present my case fully. This approach aligns with the principles outlined in Canon 3A(3) and ensures that the judicial process is both efficient and just.

**Objection 31: Prejudice and Erosion of Trust Under Canon 3A(3)**

Under Canon 3A(3), it is stated: "The duty under Canon 2 to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities. The duty to be respectful includes the responsibility to avoid comment or behavior that could reasonably be interpreted as harassment, prejudice, or bias."

I feel as though I have been prejudiced against in the handling of my case, which has

significantly eroded my trust in the judicial system. Despite my diligent efforts to reach this point

and my genuine interest in learning and understanding the legal processes, I am being blocked

for an entirely delusional reason that has nothing to do with my complaint or pleadings.

The Court's actions have not reflected the duty to act in a manner that promotes public

confidence in the integrity and impartiality of the judiciary. Instead, I have experienced behavior

that could reasonably be interpreted as prejudice or bias, which undermines the respect and

fairness that should characterize all judicial proceedings.

I respectfully request that the Court reconsider its approach and ensure that my case is

evaluated fairly and impartially, free from any undue prejudice or bias. Upholding the standards

of Canon 3A(3) is essential for restoring my trust in the judicial system and ensuring that justice

is served in a manner that is respectful and impartial.

**Objection 32: Concerns About Ex Parte Communications and Prejudicial Labeling Under Canon 3A(4)**

Under Canon 3A(4), it is stated: "The restriction on ex parte communications concerning

a proceeding includes communications from lawyers, law teachers, and others who are not

participants in the proceeding. A judge may consult with other judges or with court personnel

whose function is to aid the judge in carrying out adjudicative responsibilities. A judge should

make reasonable efforts to ensure that law clerks and other court personnel comply with this

provision."

I feel as though I have been unfairly labeled a "sovereign citizen," which has prejudiced

my case and led to a biased handling of my proceedings. This labeling has created a situation

where it seems that nothing I can do will change this perception, much like the prejudices faced by gay men in the 80s and 90s. This is unacceptable and deeply concerning for both of us, as it undermines the fairness and impartiality that are supposed to be the foundation of the judicial process.

The restriction on ex parte communications is meant to ensure that all parties are treated fairly and that no undue influence or bias affects the outcome of a case. It is essential that this restriction be strictly adhered to, and that any preconceived notions or labels be set aside to ensure a fair hearing.

I am sincerely sorry for any prejudices the judge may have faced in the past, and I understand how damaging such labels can be. However, I respectfully request that the Court recognize and correct any biases or prejudices that may be influencing the handling of my case. It is crucial that I am given a fair opportunity to present my claims without being dismissed based on an inaccurate and prejudicial label.

I request that the Court take reasonable efforts to ensure that all court personnel comply with the provisions against ex parte communications and that my case is evaluated impartially and fairly, based on its own merits.

**Objection 33: Right to Be Heard and Avoidance of Unnecessary Delays Under Canon 3A(5)**

Under Canon 3A(5), it is stated: "In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs."

I understand that my "kind" may be classified as a waste of time in the court's eyes. However, this classification is unjust and does not apply to my situation. I am earnestly attempting to understand and apply UCC Article 3 to the best of my ability.

The principles outlined in Canon 3A(5) require the judge to dispose of matters promptly, efficiently, and fairly, with due regard for the rights of the parties to be heard. This includes resolving issues without unnecessary cost or delay. Despite my efforts to engage with the court process and present my claims, I have faced delays and dismissals without the opportunity to fully explain and clarify my position.

My genuine intent is to learn and understand the legal principles governing my case. The dismissal of my case without proper consideration or hearing undermines the principles of fairness and efficiency mandated by Canon 3A(5). It is crucial that I am given the opportunity to present my case and have it evaluated on its merits, rather than being dismissed based on a prejudicial classification.

I respectfully request that the Court reconsider its approach, ensuring that my case is handled promptly, efficiently, and fairly. By providing me with the opportunity to be heard and addressing my issues without unnecessary delay, the Court can uphold the standards of justice and fairness that are essential to the judicial process.

**Final Plea: Earnest Request for Fair Hearing and Consideration**

I truly hope that this situation can culminate in my case being heard. Am I delusional? Will my case be related to something irrelevant forever? Will I die alone? Probably. But I want

this court to realize that I am trying to the best of my ability to present the facts and uncover the truth to the best of my ability.

I am not seeking to waste the Court's time or resources; rather, I am earnestly attempting to understand and apply the principles of UCC Article 3. My intentions are genuine, and my efforts are sincere. All I seek is a fair opportunity to present my case and have it evaluated on its merits.

I respectfully ask the Court to reconsider its approach and provide me with the opportunity to be heard. This process is not just about resolving a legal dispute but also about restoring my faith in the judicial system and ensuring that justice is served impartially.

Thank you for considering my plea. I am grateful for any opportunity to clarify my position and present my case in a fair and just manner.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. **Reconsideration of Dismissal**:

   o   That the Court reconsider its order dated July 10, 2024, and August 2, 2024, and provide Plaintiff with a fair opportunity to clarify and present the facts and legal arguments pertinent to the case.

2. **Opportunity to Amend Complaint**:

   o   That the Court grant Plaintiff leave to amend the Complaint to address any deficiencies identified and ensure that the claims are evaluated on their true merits.

3. **Fair Hearing**:

   o That the Court schedule a hearing to allow Plaintiff to fully explain and support the claims made in the Complaint, including the proper application of UCC Article 3 concerning negotiable instruments.

4. **Correction of Mischaracterizations**:

   o That the Court recognize and correct any mischaracterizations of Plaintiff's claims, ensuring that the legal issues are addressed accurately and fairly.

5. **Acknowledgment of Plaintiff's Efforts**:

   o That the Court acknowledge Plaintiff's genuine efforts to understand and apply legal principles and provide guidance where necessary to facilitate a fair judicial process.

6. **Addressing Potential Bias**:

   o That the Court openly address any potential biases or prejudices that may have influenced the handling of Plaintiff's case, ensuring impartiality and fairness in the judicial process.

7. **Restoration of Public Confidence**:

   o That the Court take steps to restore Plaintiff's confidence in the integrity and impartiality of the judiciary by demonstrating respect, patience, and fairness in all proceedings.

8. **Any Other Relief**:

   o That the Court grant any other relief that it deems just and proper in order to ensure a fair and just resolution of this matter.

August 7, 2024                                    RESPECTFULLY SUBMITTED,


                                                 BRANDON JOE WILLIAMS®


                                                 BY: /s/ *Brandon Joe Williams*
                                                 Brandon Joe Williams, Agent, Pro Se
                                                 P.O. Box 1962
                                                 Glendale, California 91209
                                                 brandon@williamsandwilliamslawfirm.com

                                                 (747) 273-0799

## Certificate of Service

        Plaintiff certifies that on August 7th, 2024, the foregoing *OBJECTION* was filed with the Clerk of this Court via ECF.  I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

***Distribution:***

Brianna M. Bauer                                 Stephen J. Newman
STEPTOE LLP                                      STEPTOE LLP
2029 Century Park East, 18th Floor               2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086                       Los Angeles, CA 90067-3086
213-439-9400                                     213-439-9400
bbauer@steptoe.com                               snewman@steptoe.com