UNITED STATES DISTRICT COURT
CENTRAL DISTRICT of CALIFORNIA
WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO: **2:24-cv-01631-MWF-PVC**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY; AMERICAN EXPRESS KABBAGE INC. <br><br> Defendants. | **Honorable Judge Michael W. Fitzgerald** <br> **Magistrate Judge Pedro V. Castillo** |

**OBJECTION TO THE COURT'S ORDER DATED August 26, 2024 (dkt. 39)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, BRANDON JOE WILLIAMS®, hereby objects to the Court's Order dated August 26, 2024 (Dkt. 39), striking Plaintiff's Notice of Motion and Motion to Enter Final Judgment, and in support thereof states as follows:

1. **Court's July 10, 2024 Order (Dkt. 30) - Judgment vs. Final Judgment:**
    - The Court's Order dated July 10, 2024 (Dkt. 30) stated, "This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court ORDERS the Clerk to treat this Order, and its entry on the docket, as an entry of judgment."
    - While this language directed the Clerk to treat the order as an entry of judgment, it is important to note that this Order constituted a Judgment and not a Final

Judgment. The Plaintiff specifically requested the entry of a Final Judgment to initiate an appeal.

o   The distinction between a Judgment and a Final Judgment is critical, as the latter is necessary to trigger the appeal process under the Federal Rules of Appellate Procedure. The Plaintiff's right to appeal hinges on the issuance of a Final Judgment, which has not been provided despite Plaintiff's request.

o   Additionally, the Plaintiff is confused by the recent Court's Order (Dkt. 39) which states, "This case was closed and judgment was entered on 7/10/2024." The Plaintiff believes that the Judge has erred in this statement, as not all matters were resolved, and thus a Final Judgment was neither entered on July 10, 2024, nor has it been entered on the docket subsequently.

o   The need for a Final Judgment before an appeal can be initiated is well established by the U.S. Supreme Court. In ***Catlin v. United States***, the Court held that a "final decision" is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment (*Catlin v. United States*, 324 U.S. 229, 233 (1945)). Similarly, in ***Firestone Tire & Rubber Co. v. Risjord***, the Court reinforced that an appeal generally cannot be taken until after a final judgment is entered, emphasizing that interlocutory orders are not typically appealable (*Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).

o   Additionally, the Supreme Court in ***Digital Equipment Corp. v. Desktop Direct, Inc.*** confirmed the importance of the final judgment rule in maintaining the efficiency of the judicial process and preventing piecemeal appeals (*Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)).

2. **Federal Rule of Civil Procedure 58(a) - Separate Document Requirement:**

    o   Federal Rule of Civil Procedure 58(a) mandates that every judgment and amended judgment **must** be set out in a separate document, except for certain specified motions. The Order dated July 10, 2024, does not fall within any of the exceptions listed under Rule 58(a).

    o   Therefore, the Plaintiff believes that the rule's language makes it clear that the entry of judgment must be in a separate document, ensuring clarity and procedural correctness, especially in the context of initiating an appeal.

3. **Federal Rule of Civil Procedure 58(d) - Request for Entry:**

    o   Under Rule 58(d), a party may request that judgment be set out in a separate document as required by Rule 58(a). Exercising this right, Plaintiff filed a Notice and Motion to Enter Final Judgment, as the entry of Final Judgment by a separate document had not occurred.

    o   Plaintiff's filing was a rightful and procedurally appropriate action to secure the proper entry of Final Judgment, consistent with the Federal Rules of Civil Procedure, thereby safeguarding Plaintiff's right to appeal.

**RELIEF REQUESTED:**

Based on the foregoing, Plaintiff respectfully requests that this honorable court reverse the Court's Order dated August 26, 2024 (Dkt. 39), and allow the Plaintiff's filing at Docket 38 to remain on the docket as a viable filing. Additionally, Plaintiff requests that the Court reconsider its Order and permit the entry of a Final Judgment by a separate document in accordance with Federal Rule of Civil Procedure 58, ensuring the Plaintiff's ability to proceed with an appeal.

| | |
|---|---|
| August 28, 2024 | RESPECTFULLY SUBMITTED, |

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, Agent, Pro Se
P.O. Box 1962
Glendale, California 91209
brandon@williamsandwilliamslawfirm.com

(213) 309-7138

## Certificate of Service

Plaintiff certifies that on August 28th, 2024, the foregoing *OBJECTION* was filed with the Clerk of this Court via ECF. I further certify that, as of the same date, all counsel of record below were served with a copy via email and ECF.

*Distribution:*

| | |
|---|---|
| Brianna M. Bauer | Stephen J. Newman |
| STEPTOE LLP | STEPTOE LLP |
| 2029 Century Park East, 18th Floor | 2029 Century Park East, 18th Floor |
| Los Angeles, CA 90067-3086 | Los Angeles, CA 90067-3086 |
| 213-439-9400 | 213-439-9400 |
| bbauer@steptoe.com | snewman@steptoe.com |